272 So.2d 580

**Jimmy EAST, Sr., and Jimmy East, Jr.**

**v.**

**Dr. Sam J. CITRANO.**

**Civ. 52.**

Court of Civil Appeals of Alabama.

Jan. 24, 1973.

William G. Hamm, Jr., Huntsville, for appellants.

. No brief from appellee.

HOLMES, Judge.

This is an appeal from a judgment of the Circuit Court of Madison County, Alabama, rendered on a jury verdict against the appellant for $255. Appellant's motion for a new trial being overruled, he pursues this appeal. The record reveals some thirteen assignments of error.

Appellant's brief, under the heading "STATEMENT OF THE CASE" consists entirely of the following:

"The Appellant assigns the error in sustaining Defendant's demurrer to the Complaint.

"The Appellant also contends that the verdict is contrary to the evidence in that the Plaintiff failed to prove a contract that the Appellants would pay more than the deductible portion of his insurance coverage."

Supreme Court Rule 9, which this court is bound to follow, in pertinent part recites:

"Appellant's brief under separate headings shall contain: (a) under the heading 'Statement of the Case,' a concise statement of so much of the record as fully presents every error and exception relied upon referring to the pages of the transcript; . . ."

Appellant's brief, under the heading "ARGUMENT" consists entirely of the following:

"The Appellants earnestly submit to this Honorable Court that the evidence taken in its entirety show beyond doubt that a bilateral contract was entered into by and between the Appellants and Appellee. That a mutuality of agreement was reached by the agent of the Appellee and Appellants based upon the information supplied by the Appellee that the Appellants would not be charged anymore.

"It is undisputed that the Appellant questioned the cost prior to the work, and was assured that all it would cost him would be $100.00. That his insurance would cover the balance. This was a prerequisite to his saying in effect, 'O.K., go ahead'.

"This was an express contract upon which the Appellant relied upon prior to his entering into the bilateral contract for the dental work to be done.

"Never in the testimony does it appear that the Appellant agreed to pay if the company did not; nor was such implied."

Supreme Court Rule 9, which this court is bound to follow, in pertinent part recites:

"(d) argument with respect to errors assigned which counsel desire to insist upon. Assignments of error not substan-

tially argued in brief will be deemed waived and will not be considered by the court. . . . "

 Our supreme court has said that failure to discuss or mention authorities in support of assignments of error does not amount to an argument. See Alabama Electric Co-op. v. Partridge, 284 Ala. 442, 225 So.2d 848; Cairnes v. Hillman Drug Co., 214 Ala. 545, 108 So. 362. Assignments of error not substantially argued must be considered as waived. Stevens v. Thompson, 279 Ala. 232, 184 So.2d 140; Ala.Dig., Appeal and Error, ☞1078(1).

 We cannot perceive from appellant's brief what assignments of error he insists upon, due to his failure to comply with Supreme Court Rule 9.

The Alabama Supreme Court, in October 1972, in Reynolds v. Burkhalter, Ala., 268 So.2d 802, 804, said:

" 'We have held that if there is a failure to comply with Rule 9 (old Rule 10), there is, as a consequence, a failure to insist upon errors assigned; and that the failure to insist upon errors assigned is a waiver and an abandonment of them. Wilson v. McClendon, 259 Ala. 382, 383, 66 So.2d 924; Morgan County v. Hill, 257 Ala. 658, 659, 60 So.2d 838; Alabama Power Co. v. Thompson, 250 Ala. 7, 10, 32 So.2d 795, 9 A.L.R.2d 974; Louisville & Nashville R. R. Co. v. Holland, 173 Ala. 675, 694, 55 So. 1001, 1008.' Mothershed v. Mothershed, 274 Ala. 528, 530, 150 So.2d 372, 373."

While it is the policy of this court to consider appeals on their merits whenever possible, we cannot in this instance.

For the above discussed reasons, the decree appealed from is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.