301 So.2d 235

**Herman Odell JONES**

v.

**CITY OF DECATUR.**

**8 Div. 478.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Ralph E. Slate, Decatur, for appellant.

Coleman, Cauthen & Bibb, Decatur, for the City of Decatur.

HARRIS, Judge.

Appellant was convicted of violating the following ordinance of the City of Decatur:

"Section 25–27. Driving while intoxicated or using narcotic drugs.

"It shall be unlawful for any person, whether licensed or now (sic), who is an habitual user of narcotic drugs, or any person who is intoxicated, to drive any motor vehicle upon any street or highway of this city, and he shall, upon conviction be punished by a fine of one hundred dollars and may be imprisoned in the city jail for not more than six months, or both, in the discretion of the court trying the cause."

A jury trial was demanded and the jury verdict reads, "We, the jury, find the defendant guilty and fix his punishment at a fine of $100.00." As additional punishment the court sentenced appellant to perform *hard labor for Morgan County* for a term of thirty (30) days for said offense.

The judgment entry recites the hard labor sentence was suspended and the accused was placed on probation for a period of six (6) months. Appellant gave notice of appeal and the appeal bond was set at $500.-00. The judgment entry further recites:

"Upon further consideration of this cause, and the matter of probation being discretionary with the Court, the order heretofore entered on this date granting the defendant probation and suspending the thirty day hard labor sentence is set aside. In the event the defendant desires probation, motion and request for the same should be filed with the Court. This order and reconsideration is made in open Court and the defendant is present in his own proper person with his attorney of record."

The record contains nine (9) assignments of error and appellant's brief sets forth five (5) Propositions of Law. Appellant argues the assignments of error but fails to cite a single legal authority in support of the assigned errors or the propositions of law. Thus, appellant's brief does not meet the requirements of Supreme Court Rule 9.

Appeal from a conviction for violating a city ordinance is quasi-criminal in nature and subject to rules governing civil appeals and review is limited to errors assigned and argued in appellant's brief. Gober v. City of Birmingham, 41 Ala.App. 313, 133 So.2d 697; Woods v. City of Tuscaloosa, 43 Ala.App. 626, 198 So.2d 306.

Where arguments offered in support of assignments of error are not based on any legal authority the effect is the same as if no argument had been made and the arguments will be deemed waived. East v. Citrano, 49 Ala.App. 371, 272 So.2d 580; Super X Drugs of Alabama, Inc. v. Martz, 51 Ala.App. 370, 286 So.2d 47; Meriwether v. Crown Investment Corporation, 289 Ala. 504, 268 So.2d 780; Alabama Electric Co-Operative v. Partridge, 284 Ala. 442, 225 So.2d 848.

Appellee, City of Decatur, states in brief:

"Appellee confesses error in the trial court's sentencing of Appellant insofar as he was sentenced to perform hard labor for 'Morgan County, Alabama' rather than for the City of Decatur, Alabama, as would have been proper. However, irregularity in the pronouncement of sentence following a proper adjudication of guilt does not affect the judgment of conviction but should be corrected upon remandment. Bearden v. City of Attalla, 22 Ala.App. 545, 117 S. 603 (1928)."

We are in full accord with appellee's contention.

Affirmed. Remanded for proper sentence.

All the Judges concur.