323 So.2d 421

**Charlie HOBDY**

**v.**

**CITY OF FLORALA.**

**4 Div. 332.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 28, 1975.

J. Allen Cook, Andalusia, for appellee.

Earl V. Johnson, Andalusia, for appellant.

## PER CURIAM.

This appeal is from a conviction of the appellant in the circuit court for violation of an ordinance of the City of Florala, with a fine of $100 assessed against the appellant by the jury with a sentence of thirty-seven days at hard labor for the City of Florala, by reason of the appellant's failure to pay the fine and costs.

Upon the conclusion of the entire testimony the appellant's motion to exclude the testimony and for a directed verdict was overruled by the court. The grounds of the motion relied upon for a reversal are set out in the assignment of errors filed by appellant.

Appeal from a conviction for the violation of a city ordinance is quasi-criminal in nature, subject to the rules governing civil appeals and review by this court is limited to errors assigned and argued in appellant's brief. *Jones v. City of Decatur,* 53 Ala.App. 470, 301 So.2d 235.

The assignments of errors are argued together and are directed generally to the failure of the City to properly apprise the appellant in its complaint of the offense charged and the further failure of the City to show a violation of an ordinance described in the complaint by reason of the failure to offer proper proof.

The complaint filed by the City in the Circuit Court along with Exhibit A thereto is set out as follows:

"COMPLAINT

Count One

Comes the City of Florala, Alabama, a municipal corporation, by its Solicitor and complains that Charlie Hodby within twelve (12) months before the beginning of this prosecution and within the corporate limits of the City of Florala, Alabama, did on, to-wit, the 13th day of July, 1974, operate an automobile on the public streets of Florala, Alabama, while intoxicated, contrary to and in violation of an ordinance reflected by Ordinance 417 of the Code of Ordinances of the City of Florala, Alabama. A copy of such ordinance is attached hereto, marked Exhibit "A" to this complaint and made a part hereof.

s/ J. Allen Cook

Solicitor for the City of Florala, Alabama, a municipal corporation."

\* \* \* \* \* \*

"EXHIBIT A

AN ORDINANCE

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF FLORALA, ALABAMA, AS FOLLOWS:

1. It shall be unlawful and a violation of this ordinance, hereinafter referred to as the "adoption ordinance", for any person knowingly to commit within the corporate limits of the City of Florala, Alabama, or within the police jurisdiction thereof any act or acts which constitutes or constitute a misdemeanor under the laws of the State of Alabama, or knowingly to violate any criminal statute of the State of Alabama, the violation of which constitutes a misdemeanor under the laws of the State of Alabama, provided that such act, acts or violations are not violations of previous ordinances of this City now in force and effect, it being declared that when an act, or acts constitute a violation of a previous ordinance of this City now in force and effect, such previous ordinance shall be applied to all prosecutions.

2. This adoption ordinance adopts as a code of the City of Florala, Alabama, the laws of the State of Alabama now in force and effect as to all misdemeanors thereunder which are not a violation of an existing ordinance of this City, it being specifically declared that all such existing ordinances now in effect remain in full force and effect. The laws of the State of Alabama hereby adopted are contained in the Code of Alabama, 1940, and official additions and supplements thereto, and acts of the legislature of the State of Alabama, located at the City Hall of this City and there available for public inspection.

3. Any person violating this ordinance shall on conviction for each violation be punished by a fine of not more than $100.00 or imprisonment at hard labor for not more than six months, one or both, provided that in no event shall a sentence be imposed which is greater than the maximum provided for by the law of the State of Alabama applicable to the offense committed.

4. This ordinance shall be effective upon publication in the Florala News upon May 30, 1957.

ADOPTED AND APPROVED THIS 14TH DAY OF MAY, 1957.

/s/ A. H. LURIE, Mayor

Authenticated:

/s/ LUCILLE COX, City Clerk"

It appears upon the face of the complaint that it is based on Ordinance 417 of the Ordinances of the City of Florala, Alabama, and in the complaint it is alleged that "Exhibit A" is a copy of this specific ordinance.

■ There are State statutes applying to a few cities in the State of Alabama, requiring Appellate Courts to take judicial

note of the ordinances or by-laws of certain cities but as far as we know or have been advised, there is no such statute applying to the City of Florala. This being so it was incumbent upon the City not only to plead but also to prove the ordinance upon which they sought to convict the appellant for a violation thereof. *Jacobs v. City of Prichard*, 46 Ala.App. 497, 243 So. 2d 769. We think there is a failure of proof in two respects in the case made by the city against the appellant.

 First, there was no proof whatsoever of the existence or violation of City Ordinance 417, as alleged in the complaint. Presumably, there existed an ordinance book or collection of ordinances which might have been properly introduced in support of this allegation in the complaint but since no proof was offered, this court, as said above, does not take notice of the existence of such an ordinance.

Secondly, the alleged ordinance introduced as Exhibit A after providing that it is a violation of a law for a person to commit an act in the City of Florala, which would constitute a misdemeanor under the laws of Alabama, provides further if such act or acts violate a previous ordinance of the city then in force and effect such previous ordinance would govern the prosecution of such violation and further it is specifically declared that all ordinances then in effect remain in effect in full force.

We are of the opinion that the burden was on the City to prove beyond a reasonable doubt that the specific charge on which appellant was prosecuted did not fall under the influence of one of the exceptions above referred to which are set out in the ordinance, Exhibit A. It further seems that it would be impossible for a person charged with a violation of Exhibit A to be apprised of whether the vio-

lation was of an offense set out in the criminal statutes of the State of Alabama, and covered by the adoptive ordinance, or a violation of some previous ordinance of the City of Florala still in existence.

Due process requires that a person be apprised of a criminal act for which he is being charged and prosecuted.

In addition to his oral motion for a directed verdict made at the close of all the evidence, the appellant also moved in writing for the affirmative charge. [See SC Rule 52(e)] [1].

The judgment below is reversed and the cause is remanded for a new trial.

Reversed and remanded.

All the Judges concur.

---

1. "No appeal shall be dismissed, * * * where the * * * record * * * (e) reveals a failure to assign errors on appeal cases from convictions of violation of town and city ordinances, * * *."