SAM TAYLOR, Judge.
Appellant, Alvis Eugene Jones was found guilty of reckless driving in the Municipal Court of the Town of Courtland. He appealed that judgment to the Circuit Court for Lawrence County. On October 20, 1983, a jury convicted Jones of reckless driving in violation of Ala.Code § 32-5A-190. He was sentenced to a term of 30 days in the county jail and fined $225.
• Jones moved for judgment notwithstanding the verdict, which the trial court properly considered as a motion for judgment of acquittal. A.R.Crim.P.Temp. 12.3. From denial of that motion, Jones appeals.
I
Appellant’s first contention is that the trial court erred in reopening the case after the conclusion of the evidence to allow the Town of Courtland to offer a certified copy of the ordinance under which he was charged. Introduction and admission of such a document was an essential element of the prosecution’s case in chief, without which no conviction could be had. Maxwell v. City of Mobile, 439 So.2d 715 (Ala.1983); Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874 (1924); Hobdy v. City of Florala, 56 Ala.App. 536, 323 So.2d 421 (Ala.Cr.App.), writ denied, Ex parte Hobdy, 295 Ala. 406, 323 So.2d 425 (1975); Jacobs v. City of Prichard, 46 Ala.App. 497, 243 So.2d 769 (1971); Felder v. City of Huntsville, 42 Ala.App. 488, 168 So.2d 490 (1964); Thompson v. City of Sylacauga, 30 Ala.App. 72, 200 So. 795 (1941).
The record on appeal clearly indicates that counsel for the Town of Courtland did not attempt to introduce the ordinance, nor any proof thereof, until both parties had rested their cases. In fact, the evidence was proffered only after defense counsel had initiated a motion for acquittal grounded upon this omission by the prosecution.
The law in Alabama is clear as to the permissibility of reopening a criminal case to receive additional evidence. In Ballenger v. State, 406 So.2d 995 (Ala.Cr.App.), writ denied, 406 So.2d 998 (Ala.1981), cert. denied, 456 U.S. 907, 102 S.Ct. 1754, 72 L.Ed.2d 164 (1982), the court, relying on § 15-14-4, Code of Alabama 1975, held that “the trial court has the discretion to reopen its case and present evidence at any time prior to the close of final arguments.” 406 So.2d at 997. In Ballenger, at the close of the state’s case, the defendant moved to exclude the state’s evidence on the grounds that the prosecutor had failed to prove that Methaqualone was a controlled substance. The trial court allowed the state to reopen its case to introduce documents to make the necessary proof and this court affirmed.
On authority of Ballenger and numerous other cases which uphold the same proposition in various contexts, Ala.Digest, Criminal Law, Key Nos. 686-689, we find no error as to this issue. It was within the discretion of the trial court to reopen the case before summation to receive evidence of the applicable ordinance of the Town of Courtland.
II
Jones further contends that Town of Courtland Ordinance Number 111 under which he was convicted is void; specifically that in adopting the ordinance, the town council failed to comply with Ala.Code § 11-45-2 (1975). That section prescribes the exclusive means by which an ordinance or resolution might be adopted at the same meeting in which it is introduced. Subsection (b) provides:
“(b) No ordinance or resolution intended to be of permanent operation shall be adopted by the council at the same meeting at which it is introduced, unless unanimous consent of those present is *1382 . given for the immediate consideration of such ordinance or resolution, such consent to be shown by a vote taken by yeas and nays, and the names of the members voting shall be entered upon the minutes, and no ordinance or resolution intended to be of permanent operation shall become a law unless on its final passage a majority of the members elected to said .council in cities of over 12,000 inhabitants or the mayor and three aldermen or four aldermen in cities of less than 12,-000 inhabitants and in towns shall vote in its favor.”
The record on appeal contains a certified copy of Ordinance Number 111, as well as a record of the meeting at which it was adopted. The minutes of the Town of Courtland council meeting of December 16, 1981, reflect the following:
“December 16, 1981”
“We, the undersigned, were duly notified of a special meeting to adopt an ordinance adopting a state code of the state of Alabama.
/s/ Gerry W. Parker
/s/ Goodwin Dyer
/s/ R.L. Eskridge ”
“Gerry Parker made a motion that the Town of Courtland adopt the State Code of the State of Alabama in ordinance No. 111. Goodwin Dyar seconded. All voted Aye!
/s/ Peggy S. Hazle, City Clerk
/s/ Roy Coffee, Mayor”
We find that these proceedings comply with the requirements of Ala. Code § 11— 45-2 as to the introduction and adoption of a city ordinance in a single meeting. There was unanimous consent of those present for the immediate consideration of the ordinance at the same meeting it was introduced. The names of the members voting appear on the minutes and the mayor and three aldermen voted in favor of adoption.
Based upon our findings and the foregoing authorities, appellant’s conviction is due to be, and hereby is, affirmed.
AFFIRMED.
All the Judges concur.