525 So.2d 816 (1984)
Larry O'Neal THOMPSON
v.
STATE.
6 Div. 381.
Court of Criminal Appeals of Alabama.
November 13, 1984.
Rehearing Denied December 11, 1984.
On Return to Remand May 13, 1986.
Rehearing Denied February 18, 1988.
Certiorari Denied April 22, 1988.
George H. Jones, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and Helen P. Nelson, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 87-633.
HARRIS, Judge.
Appellant was indicted for the offense of robbery in the first degree in violation of § 13A-8-41, Code of Alabama 1975. The case was tried September 27,1983, and the following day the jury returned a verdict finding appellant guilty as charged. Pursuant to the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, appellant was sentenced to a term of life imprisonment.
*817 William Chambers was the manager of a convenience store in Pratt City, Alabama, on January 14, 1983. At about 11:55 a.m., the store was robbed by a man Chambers had seen hanging around outside the store the previous day. Chambers saw the man standing outside in a telephone booth, until the store was nearly empty of customers. The man then came inside the store and jumped behind Chambers. The man was wearing a sweat shirt and had his hand up under the shirt. He stated, "Put your hands up, give me the money and don't move or I'll shoot." Chambers opened the cash register and gave the man the money. When the money was removed from the register, a silent alarm was activated.
The man then demanded Chambers's money and told him to hand over his billfold. When Chambers started to explain that he did not carry a billfold, the man again said, "Don't move or I'll shoot." The man went around the counter and ran out the door. When the police arrived, Chambers told them that the man ran out and headed left around a nearby laundromat. At trial, Chambers positively identified appellant as the man who robbed him.
Howard Felts was the investigating detective on the case. He received an incident report on the robbery on Monday, January 17,1983. After reading the report he gathered six sets of photographs and took them to Chambers to see if he could recognize anyone in the photographic lineup. Chambers selected appellant's photograph from the group.
At trial, appellant brought forward an alibi defense with his mother, father, and sister testifying that he did not leave their home on the date of the robbery. The convenience store was about five or six blocks away from where appellant and his family lived.
Appellant first alleges that improper remarks by the prosecutor denied him a fair trial. During closing argument, on rebuttal, the following occurred:
"MR. BOUDREAUX: You might think I'm shocked by that, but I'm not. You know why? Because just about every case I try it's the same old thing.
"MR. BROWN: We object to that, may it please the Court.
"THE COURT: Sustain.
"(Whereupon, Mr. Boudreaux continued with summation, during which the following proceedings were had and done:)
"MR. BOUDREAUX: I want you to think about how much time Mr. Brown's been talking about the evidence and how much time he spent talking about the lack of the evidence. Usually they say, well, they should have sent an evidence tech out there and gotten fingerprints but he laid off that this time because he had gloves on.
"MR. BROWN: Object to that, may it please the Court. What usually occurs.
"THE COURT: Ladies and gentlemen, you are not to concern yourself with anything other than that testimony which has already been submitted to you as evidence. You should not go outside that evidence and I will so charge you at the conclusion of the case.
"You may proceed."
When a trial court immediately charges the jury to disregard improper remarks, there is a prima facie presumption against error. Woods v. State, 460 So.2d 291 (Ala. Cr.App.1984); Elmore v. State, 414 So.2d 175 (Ala.Cr.App.1982); Chambers v. State, 382 So.2d 632 (Ala.Cr.App.), cert. denied, 382 So.2d 636 (Ala.1980). The alleged misconduct by the prosecutor does not rise to a level where it would create an ineradicable bias or prejudice.
Appellant's contention that the element of robbery, first degree, were not proven at trial is without merit. The victim, Chambers, testified that he was robbed by appellant. His identification of appellant was positive. More than once, appellant threatened to shoot Chambers, holding his hand under his sweatshirt as though concealing a gun. Appellant represented himself to be armed with a deadly weapon. Clearly, a prima facie case of robbery, first degree, was proven. Simpson v. State, 401 So.2d 263 (Ala.Cr. App.), cert. denied, 401 So.2d 265 (Ala. *818 1981); Carter v. State, 420 So.2d 292 (Ala. Cr.App.1982).
Appellant next alleges that his sentence was unlawfully enhanced, as a result of the proof of two prior felony convictions: one for grand larceny and one for buying, receiving, or concealing stolen property. Appellant specifically asserts that these two felony convictions, which were not violations of Title 13A, Alabama Criminal Code, cannot be used to enhance punishment pursuant to § 13A-5-9, Code of Alabama 1975. Appellant contends that application of the Habitual Felony Offender Act is limited to only a prior "A," "B," or "C" felony outlined in § 13A-5-6, Code of Alabama 1975.
A.R.Crim.P.Temp. 6(b)(3)(iv), provides the definition of a "felony" for purposes of sentencing under the Habitual Felony Offender Act:
"Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under ... (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1,1980."
In order to determine whether these two convictions were properly used to enhance appellant's punishment, we look to see whether the conduct constituting the two offenses would constitute a felony under Ala.Code (1975), § 13A-1-2(4), which provides that an offense is a felony if the sentence authorized by the Alabama Criminal Code is in excess of one year.
An examination of the record (R. 122-126), reveals that the value of the property involved in appellant's two prior convictions exceeded $1,000 in value. Therefore, appellant's two prior convictions could be classed as theft, first degree, and receiving stolen property, first degree. Both offenses are Class B felonies, for which sentences are for terms of imprisonment for not more than 20 years nor less than two years. Ala.Code (1975), § 13A-5-6.
It is apparent that appellant was sentenced pursuant to § 13A-5-9(a), Code of Alabama 1975, which provides that upon a showing that a defendant has been convicted of any felony and after such conviction has committed another felony the Habitual Felony Offender Act will apply. All felonies come within the purview of the statute, regardless of their origin. Watson v. State, 392 So.2d 1274 (Ala.Cr.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981). "Unclassified" felonies may be used to enhance punishment under this statute, as long as they meet the requirements of A.R. Cr.P.Temp 6(b)(3)(iv). Walton v. State, 461 So.2d 894 (Ala.Cr.App.1984).
In this case, it is clear that appellant's prior convictions were properly used to enhance his sentence. Appellant's interpretational analysis is incorrectly asserted.
Appellant also alleges that he did not receive constitutionally effective assistance of counsel during his trial. The record does not reflect that this issue was raised during appellant's trial. Appellant's counsel on appeal did not handle the original trial in this matter. In fact, the record indicates that appellate counsel is the third attorney who has dealt with this case.
Because these allegations of ineffective assistance of counsel were not raised in the circuit court and the appointed trial counsel has not had an opportunity to answer these allegations, we elect to remand this cause to the circuit court with directions that an evidentiary hearing be held on the issue of competency of appointed counsel. Ex parte Daniel, 459 So.2d 942 (Ala.1982); Delevie v. State, 454 So.2d 1044 (Ala.Cr. App.1984). The trial court shall make written findings of fact on this single issue and forward those findings along with a transcript of the proceedings to this court for review.
REMANDED WITH DIRECTIONS.
All the Judges concur.

*819 ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
We now review the record proper and the court reporter's transcript, as certified by the Clerk of the trial court in this case, as follows:
"I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in a single volume of 103 pages the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.
"I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.
"DATED this 19th day of March, 1986."
We were informed by some of the certified material before us that at the "hearing after remandment" the appellant was represented by counsel and that the hearing included a pro se petition of appellant in which he alleged that he had received ineffective assistance of counsel or the equivalent thereof.
The first two paragraphs of the typed four-page judgment or decree of the trial court rendered at the conclusion of the hearing after remandment are as follows:
"This case coming to be heard by this court on this date of December 20, 1985, as a result of a remand by the Court of Criminal Appeals wherein the Court of Criminal Appeals remanded the case back to the trial court with directions that an evidentiary hearing be held on the issue of competency of appointed counsel. This issue was raised by the defendant on appeal and the allegations set forth in the appellate brief had not been presented to the trial counsel for his response.
"The petitioner alleged in a separate writ of error coram nobis eight grounds stating that he was not properly represented at trial."
The typed judgment of the trial court concludes with the following:
"... The petitioner did not convince the Court to any degree that the allegations raised in his writ of error coram nobis had merit. The Court would further state that the trial counsel in the trial of this case did a meritorious job in representing the defendant. The Court made that comment at the time it received the original writ of error coram nobis prior to the trial transcript being completed, said petition being filed on the 28th day of October, 1983, which was approximately one month after the completion of the trial of this case. The Court further finds that the trial counsel in this case is one of the more experienced trial counsel in criminal cases in the Bar in Birmingham, Alabama, and represented the defendant in an admirable fashion.
"The Court, in conclusion, finds that the petition for writ of error coram nobis alleging ineffective assistance of counsel has no merit. Therefore, the petition for writ of error coram nobis as filed is hereby denied."
The trial court has fully complied with this Court's order of remandment, and the judgment of conviction and sentence of the trial court should now be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.