Amos Jethro Gladden and Amos Mark Gladden, father and son respectively, were separately indicted for attempted rape in the first degree of Michelle Clay. These indictments were consolidated for trial and the appellants were tried together. The jury found the appellants "guilty as charged in the indictments." A sentencing hearing was held at which time the trial judge sentenced both appellants to six years' imprisonment in the penitentiary.
 I
Prior to the trial, the State made a motion to consolidate these two cases. As *Page 1142 
required by Rule 15.4(b), A.R.Crim.P. (Temp.), the trial judge held a hearing on the motion to consolidate.
At the hearing, the State argued that the appellants' cases should be consolidated because they could have been properly joined in the same indictment, i.e., the appellants were accused of being involved in the same criminal transaction.See Rule 15.4(a) and (b), A.R.Crim.P. (Temp.).
The appellants argued against the consolidation because Amos Jethro (hereinafter Amos) gave a statement to the police which implicated his son, Amos Mark (hereinafter Mark). In challenging the consolidation, the appellants contended that it would be error to admit Amos's statement at trial unless Amos took the stand. The State argued that there would be no problem with the statement as long as Amos took the stand. There was no inquiry by the trial court as to whether Amos would take the stand nor did defense counsel indicate that Amos might testify. The trial judge then consolidated the cases for trial.
The appellants made two motions to sever which were denied by the trial court. Furthermore, the appellants made a motion to suppress Amos's statement prior to trial. Then, when the State attempted to introduce Amos's statement into evidence, the appellants objected to the introduction of the statement and asked the court to withhold the statement from evidence until it was determined whether Amos would take the stand. The trial judge overruled the objection and allowed Amos's confession into evidence. Amos did not testify at trial.
In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620,20 L.Ed.2d 476 (1968), the U.S. Supreme Court held that it was reversible error to admit into evidence a non-testifying co-defendant's extrajudicial statement which implicates the defendant. The court held that this violates the defendant's Sixth Amendment right to confrontation. See also Holsemback v.State, 443 So.2d 1371 (Ala.Crim.App. 1983).
The United States Supreme Court held in Bruton that prejudicial error occurred even though the trial court gave instructions to the jury that the confession could only be used against the co-defendant and must be disregarded with respect to the defendant.[1]
Thus, the appellants argue that it was reversible error for the trial judge to consolidate these cases for trial, knowing that reversible error would occur if Amos did not take the stand and his statement was admitted into evidence. We agree.
Normally, "[t]he consolidation of one defendant's case with that of another defendant is a matter of procedure. . . . Rules of joinder and consolidation are designed 'to avoid a multiplicity of trials, where these objectives can be achievedwithout substantial prejudice to the right of the defendants to a fair trial.' " Holsemback v. State, 443 So.2d at 1376
(citations omitted) (emphasis added).
The trial judge's decision to consolidate is entitled to great deference and will not be overturned unless there is an abuse of discretion. See Hill v. State, 481 So.2d 419
(Ala.Crim.App. 1985).
In the case at bar, the trial judge was aware that the very error, which did occur, might likely occur if the cases were consolidated for trial. The court knew before it granted the consolidation motion that a Bruton violation would occur unless Amos took the stand. The State made it very clear, in the consolidation hearing, that it intended to introduce thestatement in any event but asserted that the statement would not be a problem if Amos took the stand.
Although there was always the possibility that Amos would or could take the stand, thus alleviating any Sixth Amendment confrontation problems, the risk of reversible error was too great to justify consolidation in these cases. This is particularly true when it would not even become apparent until nearly the end of the trial, whether a Bruton violation would occur, thus requiring a mistrial and severance. *Page 1143 
By the time the Bruton violation occurred in this case (after Amos failed to take the stand) a great deal of money and time had been spent in the trial process.
It is clear to this court that consolidation under these circumstances defeats the purpose of the rule which enables a judge to consolidate. In the present case, it would have been much less costly to have two separate trials rather than risk trying the cases together knowing full well that reversible error would occur unless Amos took the stand. Furthermore, the exact situation that appellants argued in the consolidation hearing would occur, did in fact occur at trial.
Thus we find these cases should not have been consolidated for trial. This cause is reversed and remanded for further proceedings in accordance with this opinion.
We pretermit consideration of the other issues raised on appeal due to our decision in this cause.
For the reasons shown, this cause is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.
[1] In the case at bar, the trial judge did not give any
instructions to that effect.