The appellant, Dewayne Keith Watkins, was convicted of robbery in the first degree, in violation of § 13A-8-41, Codeof Alabama 1975. He was sentenced under the Habitual Felony Offender Act to life in the state penitentiary.
The evidence tended to show that on the morning of November 14, 1987, at approximately *Page 1229 
10:30 a.m., the appellant entered Goodwin Grocery in Bessemer, Alabama. Margie Goodwin was tending the store that morning. The appellant asked Mrs. Goodwin if they carried antifreeze, to which Mrs. Goodwin replied that they did and directed him to where it was located. The appellant got the antifreeze, set it on the counter, and went back to the drink cooler and got a soft drink. Next, the appellant asked for some Kool cigarettes and a pink disposable Bic lighter. The appellant then paid for these items.
As the appellant was walking out the door, he quickly turned back around, jumped over the counter with a gun in his hand, and told Mrs. Goodwin to get on the floor. The appellant tied Mrs. Goodwin's hands behind her back with black shoelaces and then demanded that she tell him how to open the cash register. Mrs. Goodwin told the appellant to hit the green button and after he did so, the appellant robbed Mrs. Goodwin of an estimated $270 cash and $70 in food stamps, and he also took a small handgun that was regularly kept in the store under the counter.
Even though Mrs. Goodwin was still tied up on the floor, she was able to watch the appellant leave. He got into a black car with red strips and turned onto Flint Hill Road headed toward Fourth Avenue. His car tag number was Georgia FKB-158.
Mrs. Goodwin freed herself and immediately called the police to report the incident. Officer Johnny Guin of the Bessemer Police Department was working patrol when the call came in concerning the robbery. When Guin heard the dispatch, he drove to the 19th Street entrance ramp to Interstate 59 and parked his patrol car beside the ramp. After being at that location for five minutes, a black car with red stripes and a Georgia license plate passed by. The car was occupied by one black male. Officer Guin radioed headquarters and told them that he had spotted the car. He then turned on his blue lights and siren and a chase ensued.
At some point during the chase, the appellant jumped out of his moving car and ran. The car came to a halt after it crashed into a house. Officer Guin inspected the abandoned car and found a .44 revolver.
Deputy Mike Williams of the Jefferson County Sheriff's Department heard the dispatch and proceeded to the area to assist in the search. Deputy Williams spotted the appellant on Sixth Avenue; however, when the appellant saw Deputy Williams he took off running through some nearby woods. Deputy Williams lost sight of the appellant in the wooded area.
The appellant ran into the home of Tommy and Mamie Watkins. He caught all of the family members by surprise. The appellant ran into LaSonya Walker's bedroom and started taking money out of his pockets and throwing it on the bed. Ms. Walker ran out of the bedroom and into the kitchen, where she got a knife to protect herself.
By this time, a number of law enforcement officials were in the neighborhood. Mr. Watkins went outside and told a police officer that the appellant was in his home. He then went back inside and told the appellant that it would be best to turn himself in. The appellant surrendered and was taken into custody.
Later that day, while Ms. Walker was cleaning her room, she stripped her bed of its sheets. That is when "everything just fell out." A gun, food stamps, and cash had apparently been placed under Ms. Walker's mattress. The police were called and the evidence was recovered.
The appellant raises six issues on appeal.
 I
The appellant first contends that the trial court erred in not instructing the jury during the trial court's opening statement that both sides would be objecting and that these objections did not necessarily mean that either party was trying to keep out evidence or hide evidence. However, no legal authority was cited to support this contention.
This court held, in Johnson v. State, 500 So.2d 494
(Ala.Cr.App. 1986) (citing Vinzant *Page 1230 v. State, 462 So.2d 1037 (Ala.Cr.App. 1984):
 "According to A.R.A.P. 45B, this court is not obligated to consider questions or issues not presented in briefs on appeal. The appellant's brief, according to A.R.A.P. 28(a)(3), shall contain a statement of issues presented for review with principal authorities of law supporting each issue presented. Furthermore, A.R.A.P. 28(a)(5) requires that the argument presented in a brief shall contain contentions of appellant with respect to the issues presented, and the reasons therefore with citations to the authorities, statutes, and part of the record relied on. [Emphasis added.]
 "The logic behind these rules is consistent with prior decisions relating to failure of appellant to meet the requirements established by the Alabama Supreme Court for briefs on appeal. Arguments not based on any legal authority have the same effect as if no argument had been made, and the argument will be deemed waived. Jones v. City of Decatur, 53 Ala. App. 470, 301 So.2d 235
(Ala.Cr.App. 1974); Terry v. City of Decatur, 49 Ala. App. 652, 275 So.2d 167 (Ala.Cr.App. 1973); Adams v. State, 291 Ala. 224, 279 So.2d 488
(1973)."
Johnson, supra, 500 So.2d at 498.
Therefore, this issue is not preserved for appellate review.
 II
Second, the appellant contends that the trial court erred in denying his objection based on the lack of foundation for a chain of custody as to the fingerprint card that was made when the appellant was arrested.
Bertie Howlett, a fingerprint technician with the Bessemer Police Department, took fingerprints from the appellant on November 14, 1987. After taking the prints, Ms. Howlett filed the print card in her office. This is a secured area of the Bessemer Police Department which stays locked, thus restricting all unauthorized entrances.
David George, another fingerprint technician with the Bessemer Police Department, compared latent prints lifted from a Mello-Yello bottle found in the appellant's car with the known prints of the appellant taken by Ms. Howlett. Mr. George found the latent prints to be an identical match to the known prints. There was no evidence presented to indicate that the known print had been tampered with.
In Magwood v. State, 494 So.2d 124 (Ala.Cr.App. 1985), affirmed, 494 So.2d 154 (Ala.), cert. denied, 479 U.S. 995,107 S.Ct. 599, 93 L.Ed.2d 599 (1986), this court held:
 "It should be noted that the officers who prepared the prints, latent and known, identified them at trial, and testified that they were in substantially the same condition as when they were first taken. The fingerprint expert identified them as the ones she used in her comparisons. Evidence of fingerprints is capable of eyewitness identification, and it is a sufficient foundation for the introduction of such evidence that a witness identifies it and it has relevance to the issues of the case. Under these circumstances it is not necessary to establish a complete chain of custody. Richardson v. State, 354 So.2d 1193
(Ala.Crim.App. 1978); Stewart v. State, 347 So.2d 562
(Ala.Crim.App. 1977); People v. Thibudeaux, 98 Ill. App.3d 1105, 54 Ill.Dec. 275, 424 N.E.2d 1178
(1981); Hoskins v. State, 441 N.E.2d 419 (Ind. 1982); Commonwealth v. LaCorte, 373 Mass. 700, 369 N.E.2d 1006 (1977); State v. Beck [167 W. Va. 830], 286 S.E.2d 234 (W.Va. 1981). Chain of custody requirements do not apply with the same force to items of evidence which are unique and identifiable in themselves. State v. Beck. The fingerprint and palm print exhibits introduced in evidence in this case squarely fall into the category of evidence unique and independently identifiable."
Magwood, supra, 494 So.2d at 144.
Thus, no error occurred.
 III
Third, the appellant contends that the trial court erred in refusing to grant his motion for judgment of acquittal. *Page 1231 
More specifically, the appellant argues that the State failed to prove the three elements of first degree robbery.
The appellant's reasoning behind this contention is that the store clerk, who was lying on the floor during most of the offense, was the only person to actually "witness" the robbery. All of the other evidence presented was of a circumstantial nature. This, the appellant asserts, was not enough to prove "beyond a reasonable doubt and to a moral certainty" the guilt of the appellant.
A person commits robbery in the first degree if "in the course of committing a theft he . . . uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," and he "is armed with a deadly weapon or dangerous instrument" or "causes serious physical injury to another."Johnson v. State, 473 So.2d 607 (Ala.Crim.App. 1985).
After a careful review of the facts before us, we are of the opinion that the State carried its burden of proving the three elements of robbery in the first degree. A further recitation of the details of the crime would serve no useful purpose. The testimony of the victim alone was sufficient to establish a prima facie case of robbery. Thompson v. State, 525 So.2d 816
(Ala.Cr.App. 1984), aff'd, 525 So.2d 820 (Ala. 1985), cert. denied, 488 U.S. 834, 109 S.Ct. 94, 102 L.Ed.2d 70 (1988);Simpson v. State, 401 So.2d 263 (Ala.Cr.App. 1981), cert. denied, 401 So.2d 265 (Ala. 1981).
Moreover, it is not the province of this court to reweigh the evidence. Walker v. State, 416 So.2d 1083 (Ala.Cr.App. 1982). As a rule, this court will uphold the jury's verdict and the trial judge's decision unless that decision was palpably contrary to the great weight of the evidence and manifestly wrong. Raines v. State, 428 So.2d 206 (Ala.Cr.App. 1983). The denial of the appellant's motion for judgment of acquittal was correct in this case.
 IV
The appellant's fourth contention is that the trial court erred in overruling the appellant's objection to statements made by the State during closing argument that had not been introduced as evidence during the course of the trial. He points to three instances where this allegedly occurred.
The first instance is as follows:
"(Closing Argument by Mr. Rogers)
 "MR. ROGERS: From that point in time he observed the black car up until he jumped out of the car, he never lost sight of that car or the individual in the car. How, what would he tell you? He told you that when the defendant jumped out of the car he didn't have his service revolver because it was somewhere in the car, or he would have stopped and placed the defendant under arrest at that point in time.
 "He knew the defendant was armed and here he was fifteen feet away from him knowing the defendant was armed on this particular case.
 "MR. KING: I'm going to object to that, Your Honor. He didn't say anything about he ever saw a weapon.
"THE COURT: Overruled. Let's proceed."
Ms. Goodwin, the victim in the case at bar, testified that she called the police and reported the robbery immediately after it happened. From this, it would be legitimate to infer that "he" (the policeman to whom Mr. Rogers was referring) knew the appellant was armed. This court held, in Donahoo v. State,505 So.2d 1067 (Ala.Cr.App. 1986), that counsel "has the right to present his impressions from the evidence. He may argue every matter of legitimate inference and may examine, collate, sift, and treat the evidence in his own way." See also Hayes v.State, 395 So.2d 127, 149 (Ala.Cr.App. 1980), cert. denied,395 So.2d 150 (Ala. 1981); McQueen v. State, 355 So.2d 407, 411
(Ala.Cr.App. 1978).
Moreover, we find evidence in the record that the police did know that the appellant was armed. Mr. Watkins, during cross-examination, testified to the following: "That is when I told him to get up and best to give up. I talked to the police and said *Page 1232 
ain't going to bother you if you get up. They know you is [sic]armed. Best thing for you to do — you know whatever he was in the best thing for him was to give up?" (Emphasis added.) Thus, no error occurred during this part of the trial.
The second instance is as follows:
"(Closing Argument by Mr. Rogers)
 "MR. ROGERS: Ladies and gentlemen, there wasn't any time after this car was picked up by the officers that it was out or the individual was out of sight of a police officer for any period of time over one minute. Wasn't even that long, I submit to you Ladies and gentlemen —
 "MR. KING: We object to that, Your Honor. I don't think —
 "MR. ROGERS: — there was testimony presented from the stand.
THE COURT: Overruled."
Defense counsel never finished his objection, thus failing to make a specific objection to the prosecutor's closing argument. Specific objections are necessary to preserve error, and all grounds of objection not specified are waived. Reeves v. State,456 So.2d 1156 (Ala.Cr.App. 1984). Therefore, this is not preserved for our review.
The third instance is as follows:
"(Closing Argument by Mr. Rogers)
 "MR. ROGERS: Also I believe that when you consider the experience that Sgt. Bellanca has with the police department, sixteen years, there was an inference —
 "MR. KING: I object to that as being improper. No inference was made he didn't do his job. Object to that.
"THE COURT: Overruled.
"(Closing Argument by Mr. Rogers)"
The prosecutor never got a chance to finish his sentence; thus, we have no way of knowing what the "inference" was going to be. We have only what defense counsel assumed it to be. This is not sufficient.
This court cannot predicate error on matters not shown in the record. Robinson v. State, 444 So.2d 884 (Ala. 1983); Watson v.State, 398 So.2d 320 (Ala.Cr.App. 1980), cert. denied,398 So.2d 332 (Ala.), cert. denied, 452 U.S. 941, 101 S.Ct. 3085,69 L.Ed.2d 955 (1981). Further, the appellant has the responsibility of providing a complete record on appeal.Montgomery v. State, 504 So.2d 370 (Ala.Cr.App. 1987); Abbottv. State, 494 So.2d 789 (Ala.Cr.App. 1986); Parish v. State,480 So.2d 29 (Ala.Cr.App. 1985). Therefore, there is nothing in this part of the State's closing argument for this court to review.
 V
The appellant's fifth contention is that the trial court erred in sustaining the appellant's objection and not immediately granting a mistrial when the State, during its closing argument, shifted the burden of proof to the defendant and also brought up the issue of an unavailable defense witness.
The record reflects the following:
"(Closing Argument by Mr. Rogers)
 "MR. ROGERS: And this friend that he was able to call someone else, this Marvin, the fence to him, gave him the merchandise. That he was able to get in contact with another friend while he was in jail. And I have no doubt that Marvin would not have come down here and said I robbed anybody. But I don't think that if Marvin could have shed any light on it, I think I would have drug him down here somehow.
"MR. KING: I object to that.
"Availability of a witness.
"THE COURT: Sustained. Let's proceed."
As can be seen above, appellant received a favorable ruling to his objection. An adverse ruling is a preliminary requirement to preservation of error on appeal. Wood v. State,416 So.2d 794 (Ala.Cr.App. 1982). Further, defense counsel failed to move for curative instructions. In the absence of such a motion, the question is not correctly presented for review. Ringer v. State, 501 So.2d 493 (Ala.Cr.App. 1986). *Page 1233 
 VI
Finally, the appellant contends that the trial court erred in failing to give five of his requested jury charges. The appellant has failed to preserve this issue for review, as he failed to object to the court's refusal to give the charges.Cox v. State, 500 So.2d 1296, 1299 (Ala.Cr.App. 1986); Holmesv. State, 497 So.2d 1149 (Ala.Cr.App. 1986).
Appellant received a fair trial. His conviction is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges Concur.