The appellants, Christopher Anthony Curry and Ernest Junior Oden, were convicted of trafficking in cannabis, a violation of § 13A-12-231. They were each sentenced to 10 years' imprisonment.
The state's evidence tended to show that on August 16, 1990, Curry told John Hoyett, an informant working with the Unified Narcotics Unit in Talladega County, that he had $5,000 and wanted to buy some marijuana. Curry had previously asked the informant about buying marijuana on several occasions. That night, the informant took Curry and Oden to the Best Western Hotel in Talladega County. There they met with Charles Odom, an undercover officer with the Alabama Attorney General's Office who was posing as a marijuana dealer. When Odom produced a garbage bag containing several clear plastic bags of marijuana, the appellants discovered that they had forgotten the money and left to retrieve it.
About 25 minutes later, Oden and the informant returned to the hotel room, while Curry waited in the car. Oden gave Officer Odom an envelope containing $5,000 and, in return, received approximately five pounds of marijuana. Officers in the adjoining room, who had monitored and recorded the transaction, then arrested Oden. Curry was arrested in the hotel parking lot.
The parties stipulated at trial that the total weight of the marijuana that Officer Odom had was approximately 8.93 pounds and that any 5-pound portion taken out of that bag would be in excess of 2.2 pounds, exclusive of stalks, stems, or seeds.
The appellants present the following issues on appeal.
 I
Both appellants contend that the trial court erred in denying each of their motions for judgment of acquittal.
After the state rested, both parties moved for a judgment of acquittal, arguing that the state failed to establish a prima facie case. The court denied this motion. Curry filed a postjudgment motion for acquittal, alleging that the verdict was against the great weight of the evidence because, he said, they had proven the defense of entrapment. This motion was denied.
On appeal, Oden argues that the court erred in denying his motion for judgment of acquittal, contending that the state failed to establish all of the elements of the offense. Section13A-12-231(1) provides, in pertinent part:
 "Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony. . . ."
After reviewing the facts as recited above, we hold that the evidence presented was sufficient to give the case to the jury. " 'In determining the sufficiency of the evidence to sustain the conviction, this Court must accept as true the evidence introduced by the State, accord the State all *Page 159 
legitimate inferences therefrom, and consider the evidence in the light most favorable to the prosecution.' " Barnes v.State, 565 So.2d 1274, 1276 (Ala.Cr.App. 1990) (quotingFaircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1994), affirmed, 471 So.2d 493 (Ala. 1985)). Further, we will not substitute our judgment for that of the jury. Marks v. State,581 So.2d 1182 (Ala.Cr.App. 1990); Gosett v. State,451 So.2d 437 (Ala.Cr.App. 1984).
Also, both appellants on appeal contend that the verdict was against the great weight of the evidence, and, thus, the circuit court erred in denying their motions for judgment of acquittal. Specifically, they argue that the evidence established the defense of entrapment.
Oden did not preserve this issue for our review. Upon moving for judgment of acquittal after the state rested, Oden argued specifically that the state failed to establish the elements of the offense. Specific objections waive all others not specified. Cole v. State, 548 So.2d 1093 (Ala.Cr.App. 1989). Curry preserved this issue arguing in his written motion for judgment of acquittal that the great weight of the evidence supported the entrapment defense.
At trial, Oden's version of the events was that the informant had contacted him first. He testified that he owed the informant money and that he was told that in some way it would partially satisfy the debt if he would accompany the informant to the hotel room. He stated that he did not know why they were going to the hotel and that the money he gave to Officer Odom belonged to the informant. The state presented evidence that contradicted Oden's testimony. The informant testified that he was previously acquainted with Curry but not with Oden. He said that he only got together with Oden at Curry's request. The transcript of the tape recording of the transaction indicates that Oden forgot his money and had to retrieve it before the transaction could be concluded.
Conflicting evidence presents a jury issue. Smith v. State,583 So.2d 990 (Ala.Cr.App. 1991). See also, 1 W. LaFave,Substantive Criminal Law § 5.2(f)(2) (1986). The jury found both appellants guilty.
The "weight of the evidence" refers to " 'a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other.' " Johnson v. State, 555 So.2d 818, 820 (Ala.Cr.App. 1989) (quoting Tibbs v. Florida, 457 U.S. 31, 37-38,102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982)). See also McMillian v.State, 594 So.2d 1253 (Ala.Cr.App. 1991). "[I]t is not the province of this court to reweigh the evidence presented at trial." Watkins v. State, 565 So.2d 1227, 1231 (Ala.Cr.App. 1990); Johnson, 555 So.2d at 820. Based on the facts of this case, we do not find that the jury's verdict "was palpably contrary to the great weight of the evidence and manifestly wrong." See Watkins, supra.
 II
The appellants contend that the circuit court erred in granting the state's motion to consolidate, arguing that consolidation resulted in prejudice to their individual cases.
According to Rule 15.4(b), A.R.Crim.P.Temp., if the defendants are charged in separate indictments, the court may "order that the defendants be joined for purposes of trial if the defendants could have been joined in a single indictment. . . ." Further, Rule 15.4(a), A.R.Crim.P.Temp., provides, in pertinent part:
 "Two or more defendants may be charged in the same indictment . . .
 "(i) if they are alleged to have participated in the same act or transaction; or
 "(ii) when the several offenses are part of a common conspiracy, scheme, or plan; or
 "(iii) when the several offenses are otherwise so closely connected that it would be difficult to separate the proof of one from the proof of the other."
The circuit court complied with the requirements of these rules. On January 3, 1991, the state moved for consolidation of the appellants. After a factual hearing on January 7, the court granted this motion. *Page 160 
The circuit court's decision to consolidate is entitled to deference and we will overturn that decision only upon a showing of an abuse of discretion. Gladden v. State,551 So.2d 1141 (Ala.Cr.App. 1989); Hill v. State, 481 So.2d 419
(Ala.Cr.App. 1985). In order to show that the court's conduct in granting the motion to consolidate constituted an abuse of discretion, the appellant must show that that consolidation resulted in an unfair trial and that he "suffered compelling prejudice against which the trial court was unable to afford protection." United States v. Webster, 734 F.2d 1048, 1052 (5th Cir.), cert. denied sub nom., Hoskins v. United States,469 U.S. 1073, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).
Oden contends that his constitutional rights to a fair trial and due process were denied by the consolidation because, he urges, the defenses of the two appellants conflicted. It is necessary to consider the facts of each case to make such a determination. The defense that Curry, the codefendant, presented at the hearing was that he was not in the hotel room at the time of sale and that he never had possession of the marijuana. This defense does not necessarily conflict with Oden's defense of entrapment.
In Hill v. State, supra, this court announced the standard by which a court should grant or deny a motion to compel a severance. The standards governing a motion to consolidate are essentially the same, although in each instance there is room for the application of discretion by the trial court. The legal principles set out in Hill apply. If the defenses of the defendants are so antagonistic that they are "irreconcilable and mutually exclusive" and "the jury, in order to believe one defendant, must necessarily disbelieve the other defendant's defenses," then the circuit judge must deny the motion to consolidate. See Hill, 481 So.2d at 424 (quoting Webster,734 F.2d at 1053).
In the instant case, Curry's defense of not being on the premises and never having possession of the substance would not be irreconcilable with or mutually exclusive of Oden's defense of entrapment.
Curry further contends on appeal that the disparity in the quantity of evidence against each of them confused the jury. He also urges that the consolidation engendered a "reluctance to testify" on his own behalf. This ground for opposing the motion for consolidation was not presented to the circuit court. During the hearing on the consolidation motion, Curry objected only on disparity grounds. Specific objections waive all others not specified. Cole, supra.
The fact that the evidence may be stronger against one defendant than the other is insufficient of itself to prevent a consolidation. Holsemback v. State, 443 So.2d 1371
(Ala.Cr.App. 1983).
Within the context of this case, we hold that circuit court's decision to consolidate was not an abuse of discretion.
 III
Curry also contends that the trial court erred in allowing the state to cross-examine Oden in areas not brought up during direct examination, thus violating Oden's constitutional right against self-incrimination.
Oden testified as to what transpired in the hotel room. On cross-examination, the state asked Oden questions regarding the contents of the transcript made from the recording of the conversation that took place in the hotel room. Curry contends that the court, by allowing the state to discuss matters not brought up during direct examination of Oden, violated Oden'sFifth Amendment rights.
Curry does not have standing to raise this issue. It is well-settled that "a litigant may only assert his own constitutional rights or immunities." McGowan v. Maryland,366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). See alsoWilliams v. State, 601 So.2d 1062 (Ala.Cr.App. 1991). Thus, Curry is without standing to assert his codefendant's constitutional right against self-incrimination. See Parker v.State, 516 So.2d 859 (Ala.Cr.App. 1987); *Page 161 Miles v. State, 476 So.2d 1228 (Ala.Cr.App. 1985).
Even if Curry did have standing to raise this issue, his contention is contrary to law.
 "If an accused in a criminal action elects to testify, he thereby becomes subject to cross-examination by the state as to any matter relevant to the issue of his guilt or any other issue in the case, even though such matter is not related to his testimony on direct examination."
C. Gamble, McElroy's Alabama Evidence § 378.02 (4th ed. 1991). Our state wisely adheres to the traditional "wide-open rule" as to cross-examination and the facts of this case. The court did not err in this respect. Davis v. State, 352 So.2d 3
(Ala.Cr.App. 1977); McElroy's, supra § 438.01.
 IV
Oden also contends that the circuit court abused its discretion by allowing Jamie Grace, the administrator of the Unified Narcotics Unit for Talladega County, to testify after the rule had been invoked excluding witnesses who are going to testify from the courtroom. He argues that her testimony should have been barred because she sat at the counsel table for the state through the entire proceeding.
It is not an abuse of discretion on the part of the circuit court "to allow a sheriff, police chief, or similarly situated person who will later testify to remain in the courtroom during trial" despite the invocation of the rule of exclusion. Exparte Lawhorn, 581 So.2d 1179, 1181 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 445, 116 L.Ed.2d 463 (1991). See alsoJackson v. State, 502 So.2d 858 (Ala.Cr.App. 1986); Johnson v.State, 479 So.2d 1377 (Ala.Cr.App. 1985). Because Grace was the chief investigating officer involved in the appellant's case, the trial court did not abuse its discretion in allowing her to testify.
 V
Finally, Oden contends that the trafficking statute, §13A-12-231, Code of Alabama 1975, is unconstitutional, arguing that it violates the self-incrimination, equal protection, due process, and cruel and unusual punishment provisions of the United States Constitution. This argument is presented for the first time on appeal.
Matters not objected to at trial cannot be presented for the first time on appeal. Ex parte Williams, 571 So.2d 987 (Ala. 1990); Thornton v. State, 527 So.2d 143 (Ala.Cr.App. 1987), writ quashed, 527 So.2d 146 (1988). The circuit court was never given an opportunity to rule on this issue. An issue challenging the constitutionality of a statute does not receive appellate consideration unless that issue was first presented to the trial court, and an adverse ruling is made. Cagle v.State, 504 So.2d 1225 (Ala.Cr.App. 1987); Moore v. State,415 So.2d 1210 (Ala.Cr.App. 1982), cert. denied, 459 U.S. 1041,103 S.Ct. 459, 74 L.Ed.2d 610 (1982).
This judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.