I would affirm the judgment of the trial court. The fingerprint testimony was properly admitted into evidence in this case, regardless of whether there was a break in the chain of custody for the piece of glass from which the fingerprint was removed.
This Court has held that although a sufficient chain of custody must be proved before certain types of evidence can be admitted, "fingerprint evidence is capable of eyewitness identification and 'it is a sufficient foundation for the introduction of such evidence that a witness identifies it and it has relevance to the issues of the case.' " Johnson v.State, 620 So.2d 679, 693 (Ala.Crim.App. 1992) (reversed onother grounds, 620 So.2d 709 (Ala. 1993), (quoting Magwood v.State, 494 So.2d 124, 144 (Ala.Crim.App. 1985), aff'd,494 So.2d 154 (Ala. 1986), cert. denied, 479 U.S. 995,107 S.Ct. 599, 93 L.Ed.2d 599 (1986)). See also, Watkins v. State,565 So.2d 1227 (Ala.Crim.App. 1990).
" 'Chain of custody requirements do not apply with the same force to items of evidence which are unique and identifiable in themselves. . . . [Fingerprint evidence] squarely fall[s] into the category of evidence unique and independently identifiable.' " Johnson, 620 So.2d at 693, (quoting Magwood
494 So.2d at 144).
In this case, the trial court did not err in admitting the fingerprint testimony. See, e.g., Johnson. Therefore, I must respectfully dissent from the majority opinion.