I dissent, because I believe the trial court was correct in affirming the decision to suspend Bruno's license.
The majority holds that because driving with a blood alcohol content of .08 percent was not an offense in Alabama at the time Bruno entered a plea of nolo contendere to DUI in Georgia, Bruno should suffer no collateral consequences in Alabama for his Georgia offense. For two reasons, I disagree.
First of all, Thompson v. State, 525 So.2d 816 (Ala.Cr.App. 1984), aff'd, 525 So.2d 820 (Ala. 1985), cert. denied,488 U.S. 834, 109 S.Ct. 94, 102 L.Ed.2d 70 (1988), upon which the majority relies for its conclusion that the conduct underlying an offense is determinative, is not controlling here. In reviewing the Court of Criminal Appeals' decision in Thompson, the Alabama Supreme Court was called upon to construe two criminal statutes (Ala. Code 1975, §§ 13A-1-2(1) and 13A-5-9) and a rule of criminal procedure (former Temporary Rule 6, Ala.R.Crim.P.) to determine the scope of the Habitual Offender Act, a highly punitive sentencing enhancement measure. Here, however, we are dealing with a civil sanction that has a remedial rather than a punitive purpose, see United States v.Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and we are not required to adopt the same strict construction of the word "offense" which our Supreme Court used in Thompson.
Second, I believe that the Alabama legislature has clearly expressed its intent to expand, rather than to constrict, the types of out-of-state DUI adjudications that can result in suspensions of Alabama licenses. For example, § 32-5A-195(i) authorizes DPS to treat a foreign nolo contendere plea to DUI as the "equivalent [of] a conviction," even *Page 449 
though a nolo contendere plea is not admissible for any other purpose under Alabama law. See Singleton v. State,622 So.2d 934, 935 (Ala.Crim.App. 1992), writ quashed, 622 So.2d 935
(Ala. 1993) ("Alabama follows the minority rule, which states that 'a conviction based upon a plea of nolo contendere is inadmissible in evidence in other proceedings.' ").
If our legislature considers a foreign nolo contendere plea to DUI relevant to an Alabama resident's fitness for driving — despite the fact that the plea is relevant for no other purpose under Alabama law — then it stands to reason that it would consider an Alabama resident's proven disregard of another state's drunk driving laws relevant to the resident's fitness for driving here — despite the fact that our DUI laws might be less strict. The legislature could reasonably conclude that a driver who evidences a disregard for one state's DUI laws will display the same disregard for our own drunk driving laws. Accordingly, the legislature could reasonably determine to impose the remedial civil sanction of suspending the resident's driving privilege.