291 So.2d 748

**Joseph E. CLEMENTS**

**v.**

**STATE.**

**3 Div. 202.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

James E. Hart, Jr., Brewton, for appellant.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

This is an appeal from a denial of the writ of coram nobis. The original conviction carried a four year sentence for second degree burglary which Clements committed during the course of an escape from the penitentiary.

Clements and one Odom were tracked by bloodhounds. The trail led to a house wherein prison clothes were found. The State offered proof that the clothes were issued to Clements. Later Clements and Odom were found wearing blankets or quilts from the burglarized house.

We quote from appellant's brief:

"The first of the errors was * * * that a witness (Glenn Odom) was to have testified at Appellants trial that he [Odom] was the only person who .entered the house alleged to have been burglarized by Appellant, but immediately before the trial he refused to testify thereby denying Appellant his primary defense at time when he was unable to prepare a proper defense since his trial was to be held that same day. Joseph William Clements, father of the Appellant, testified that he was in the same room with Odom shortly before the trial (P. 24) and that Odom told him that he could not testify because he said he would be sent to McNaid (Mt. Meigs) if he testified (p. 25). The Appellant produced his sworn testimony concerning the statements made by Odom and the State failed to produce Odom or any other witness to rebut his testimony. * * *"

[Bracketed matter added.]

* * * * * *

"The second error was * * * that evidence presented at Appellants previous trial was totally insufficient to support a conviction of Burglary in the 2nd Degree. * * *"

* * * * * *

"The third error was * * * that a prison guard was a member of the jury venire and that certain statements were allegedly made that so prejudiced the Appellants case that it was impossible for him to receive a 'fair and impartial trial' as is guaranteed by the VI Amendment. The Appellant testified that Tobe Lambeth, a prison guard, was a member of the jury panel (P. 39) and Joseph William Clements, who was present at the Defense Table throughout the Trial, was asked if he heard a statement to the effect that his son 'was found guilty because everyone knew beforehand that he was the guilty party.' The Court sustained the States objection to the questions concerning this statement * * *."

"The fourth and final error was * * * that the Appellant was not allowed to have the jury polled when the verdict was rendered * * *."

On coram nobis the burden was on Clements. If he wanted Odom's evidence he should have subpoenaed Odom, not the State. Vincent v. State, 284 Ala. 242, 224 So.2d 601.

Matters litigated and decided at the original trial are not retriable by coram nobis. Aldridge v. State, 278 Ala. 470, 179 So.2d 51.

As to the third claim we believe the record of the examination of the senior Clements will shed some light:

"Q. All right, sir. After the trial did you hear someone in the jury room make a statement to this effect or words to this effect. That he, talking about your son, was found guilty because everyone knew beforehand that he was the guilty party. Did you hear a statement made similar to that or that effect?

"MR. HENDERSON:

Your Honor, unless he—

"MR. HART:

It's in the petition.

"MR. HENDERSON:

Well, unless it can be shown this was a member of that jury it would be immaterial, irrelevant.

"MR. HART:

It wouldn't be immaterial, irrelevant if somebody is out here in the courtroom yelling about it, saying it—

"MR. HENDERSON:

"Well, unless it can be shown it was one member of this jury.

"THE COURT:

I sustain the objection Mr. Hart. Any citizen sitting out there during the trial could have made such an observation without having any effect on this trial whatsoever.

"MR. HART:

Well, Your Honor, I maintain that a statement made to that effect before the jury was ever struck would certainly prejudice the jury.

"THE COURT:

In this petition you've got an allegation that an Alabama State Penitentiary Guard was a member of the jury. That's the first thing you've established. Then it is followed up by this paragraph you're referring to, 'This guard told persons in the presence of defendant-petitioner's father, that the, the petitioner, was found guilty because 'everybody' knew beforehand that he was the guilty party.' You haven't even established that a guard was even on the entire venire. And I'm not going to let you go into whether some other citizen could have said it. We're taking up the allegations made in this petition.

"MR. HART:

Mr. Clements do you know for a fact that there was a prison guard on the entire jury panel?

"A. I couldn't prove there was, no.

"Q. Did you later learn that there was a guard on there?

"A. Well, I learnt—told me there was a guard. I don't know whether there was or not."

From the other testimony it is clear that the guard did not serve on the jury which convicted appellant. Nor was there any proof that appellant had to waste a strike (peremptory challenge) to keep the guard from being one of appellant's jurors. We find no error here.

The polling of a jury is regulated by Code 1940, T. 30, § 101 which reads as follows:

"When a verdict is rendered in either a civil or criminal case, and before it is recorded, the jury may be polled, on the requirement of either party; in which case they must be asked severally if it is their verdict; and if any answer in the negative, the jury must be sent out for further deliberation."

This section requires a party to ask for a poll of the jury. If it is not done before the jury is discharged this statutory right has expired. See Brister v. State, 26 Ala. 107; Anno. 49 ALR 2d 619, § 6; 53 Am.Jur.Trial, § 1027—Recordation.

We consider that the judgment below is due to be

Affirmed.

All the Judges concur.