Appellant was indicted for possession of burglary tools, in violation of § 13A-7-8 Code of Alabama 1975. The case was tried in Jefferson Circuit Court, and a jury returned a verdict finding appellant guilty. Appellant was sentenced to a term of four years' imprisonment.
On July 4, 1982, shortly after midnight, Officer Gregory Lee of the Gardendale Police Department received a call about a suspicious vehicle being at a car wash on the Decatur Highway, in Gardendale, Alabama. Officer Lee parked three hundred feet away and observed the car wash with "cat eye" binoculars, which enhance nighttime vision. The car wash was well-lit with large high-intensity lights at the rear and an incandescent light in each stall.
Officer Lee observed a person identified as appellant in front of the coin operated vacuum machine with a car parked nearby. Appellant had some shiny objects in his hand and his companion was at another coin-operated machine. Both appeared to be tampering with the coin boxes on the machines. Appellant was observed inserting some object into the coin box on the machine.
After observing the scene from a distance, Officer Lee drove into the car wash and got a close look at appellant's and his companion's faces. Officer Lee noticed that he did not hear any sounds coming from the vacuum machine as he drove by. After passing through the car wash, Officer Lee drove down the road, then parked near a furniture store so he could continue to observe the activity at the car wash. The vehicle that was near the vacuum machine had been pulled into a car wash stall. About thirty minutes later, the vehicle left the car wash. Officer Lee pulled behind the vehicle and stopped it. *Page 1039 
Appellant was taken from the car, placed under arrest and then placed in another patrol car that had arrived to assist at the scene. The other officer, Sergeant Hamilton, searched appellant and removed a key ring with several keys. One master key had been filed down so that there was a point on each end. There was also a circular lock key, which had been filed down. Two more filed-down keys were on the ring. Appellant also had two blank keys which were sanded and filed down on both ends. A handmade device to remove lock cylinders was found under the front passenger seat, where appellant had been sitting in the vehicle.
At trial, Gary K. Jones, of the Bureau of Alcohol, Tobacco and Firearms, was called as an expert in locksmithing. He testified that certain items taken from appellant appeared to be devices for picking locks, manufacturing keys, and removing locks. These type tools can only be obtained by law enforcement officers or certified locksmiths and those items possessed by appellant appeared to be homemade.
Appellant first raises nine issues, but fails to argue or state any supporting legal authority. Appellant makes no contentions with regard to these nine issues and merely lists the issues and states "raised, not argued."
According to A.R.A.P. 45B, this court is not obligated to consider questions or issues not presented in briefs on appeal. The appellant's brief, according to A.R.A.P. 28 (a)(3), shall contain a statement of issues presented for review with principal authorities of law supporting each issue presented. Furthermore, A.R.A.P. 28 (a)(5) requires that the argument presented in a brief shall contain contentions of appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied upon.
The logic behind these rules is consistent with prior decisions relating to failure of appellant to meet the requirements established by the Alabama Supreme Court for briefs on appeal. Arguments not based on any legal authority have the same effect as if no argument had been made, and the argument will be deemed waived. Jones v. City of Decatur,53 Ala. App. 470, 301 So.2d 235 (Ala.Cr.App. 1974); Terry v. Cityof Decatur, 49 Ala. App. 652, 275 So.2d 167 (Ala.Cr.App. 1973);Adams v. State, 291 Ala. 224, 279 So.2d 488 (1973). The logic and procedural considerations of the decisions of this court prior to the enactment of the Alabama Rules of Appellate Procedure are embodied within the foregoing enumerated rules.
The Alabama Court of Civil Appeals has ruled that under the Alabama Rules of Appellate Procedure no matters will be considered on appeal unless presented and argued in brief.Mullins v. Mullins, 416 So.2d 1063 (Ala.Civ.App. 1982). Where no argument was contained in an appellate brief, the issues raised on appeal were waived. Brewer v. Bradley, 431 So.2d 544
(Ala.Civ.App. 1983).
In the case at bar, there was nothing more than a list of issues presented, without any argument or legal authority. In this instance the nine issues are deemed waived.
The final three issues raised by appellant are in fact argued in brief. The first allegation is that the trial court erred in failing to allow appellant to amend his motion for a new trial by attaching a copy of an affidavit of a juror. The second allegation is that the trial court erred by failing to grant appellant's motion for the court to interview the jurors after their verdict was returned. Both of these contentions deal with an attempt to impeach the verdict of the jury, and as such we shall resolve the issues together.
Affidavits of jurors are incompetent when submitted for the purpose of impeaching the jury's verdict. Storie v. State,390 So.2d 1179, 1184 (Ala.Cr.App.), cert. denied, 390 So.2d 1184
(Ala. 1980). The verdict of a jury may not be impeached by testimony or affidavits of jurors detailing what transpired among them during deliberations. Law v. State, 407 So.2d 572 *Page 1040 
(Ala.Cr.App. 1981). A jury verdict cannot be impeached by affidavits, as public policy forbids disclosure of jury deliberations. Richardson v. State, 439 So.2d 756 (Ala.Cr.App. 1983).
The affidavit in this case alleges that the verdict returned by the jury was not a true verdict, but one merely reached by a majority vote among the jurors. The record indicates that when the trial judge asked whether either side wished to have the jury polled, appellant's counsel responded, "No, sir." Appellant clearly declined to exercise his statutory right to poll the jury at the time the verdict was rendered. Ala. Code (1975), § 12-16-15. If the request to poll the jury is not made before the jury is discharged, this statutory right has expired. Clements v. State, 52 Ala. App. 294, 291 So.2d 748
(1973).
Appellant contends that the affidavit, which the trial judge would not allow to be included in the motion for a new trial, goes to show an irregularity in the proceedings and as such should have been allowed. A decision on a motion for a new trial rests largely within the sound discretion of the trial court, and in reviewing that decision this court will indulge every presumption in favor of the correctness thereof. Parks v.State, 333 So.2d 906, 911 (Ala.Cr.App.), cert. denied,333 So.2d 912 (Ala. 1976).
This court finds no irregularity in the trial court's actions in not allowing the affidavit to be admitted or in refusing to interview the jurors after the verdict had been rendered.
Appellant's final argument is that the trial court failed to exclude certain items seized as evidence. Specifically, appellant contends that the arrest of appellant was illegal because he was not informed of the cause of his arrest. Ala. Code (1975), § 15-10-4. Further, appellant alleges that this evidence was obtained as a result of an arrest made without probable cause.
A review of the record shows that appellant objected to each of the exhibits as being irrelevant and immaterial. Appellant made no mention of an illegal arrest or any lack of probable cause for the arrest during trial.
An issue raised for the first time on appeal is raised too late for review. Review by this court is limited to matters properly raised in the trial court. Dailey v. State,374 So.2d 414 (Ala.Cr.App. 1979); Law v. State, 342 So.2d 412
(Ala.Cr.App.), cert. denied, 342 So.2d 413 (Ala. 1977); Harrisv. State, 347 So.2d 1363 (Ala.Cr.App.), cert. denied,347 So.2d 1368 (Ala. 1977). A defendant is bound on appeal by the grounds stated at trial and specified grounds of an objection to evidence waives all other grounds. Snider v. State,406 So.2d 1008, 1014 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981). Based on the foregoing, this court finds no error in the trial court's failure to exclude those items seized.
An examination of appellant's contentions, and the record, reveals no errors prejudicial to appellant's substantive rights. This cause is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.