We granted the writ of certiorari to the Court of Criminal Appeals 516 So.2d 812 to consider whether that court erred in affirming the trial court, which overruled its order in limine requiring that the state refrain from commenting on, or eliciting testimony concerning, the defendant's assertion of his right to remain silent following his arrest, and, if so, whether the Court of Criminal Appeals also erred in affirming the trial court's order denying the defendant's motion for mistrial. We reverse and remand.
Freddie Lee Wiley was convicted by jury of the murder of Ulysses Howard and was sentenced to 30 years' imprisonment. Prior to trial, the court granted the defendant's motion in limine, prohibiting reference in any manner to the defendant's assertion of his constitutional right to remain silent. The defendant objected to the following testimony elicited from an arresting officer:
 "Q. Did y'all have an occasion to advise him of his rights from a standard police form?
"A. Yes, sir; I did.
"Q. Do you recall whether or not he signed it?
"A. No, sir; he did not.
 "Q. Did he give you any explanation as to why, or. . . . *Page 817 
 "A. Yes, sir. He stated that he understood his rights, and before he gave any statement, he wished for his lawyer to be present, and he did not want to sign anything.
 "MR. ALLEN: Object, and move for a mistrial based on the motion in limine.
"THE COURT: Say it again?
 "THE WITNESS: He told me that he wished for his lawyer, and did not wish to sign anything or give any statements at that point.
 "MR. TALIAFERRO: I'm just trying to elicit, your Honor, why he failed to sign his rights form, and for the Jury's understanding, that he was advised of his rights on more than one occasion.
 "MR. ALLEN: Your Honor, you granted our motion in limine.
 "THE COURT: Well, I'm going to withhold — I thought — let me see y'all.
 (At-Bar conference, out of the hearing of the Court Reporter and the Jury, after which, the following was had and done of Record.)
 "THE COURT: All right, go ahead. If you can show that he gave a statement, I'll admit it. If not, I'll grant your motion. If there's no statement . . .
"MR. ALLEN: May I take him on voir dire?
"THE COURT: Yes, sir.
"VOIR DIRE EXAMINATION
"BY MR. ALLEN:
 "Q. Officer Spivey, at that time, did you just answer to Mr. Taliaferro's question that the Defendant refused to give a statement until he had a lawyer present? Was that your answer?
"A. Yes, sir; that's what he said.
 "MR. ALLEN: I think you granted our motion, your Honor.
 "THE COURT: Well, if he didn't give a statement, ever, I'm going to grant your motion for a mistrial. If he did, I'm going to listen to the circumstances surrounding it. Let's move along."
Officer Davis testified that he and Officer Spivey took the defendant into custody, put him in a police car, and read him his constitutional rights. Officer Davis testified further that once the Miranda warning was given, the defendant stated that he shot Ulysses Howard because he was afraid of him. After hearing testimony that the defendant did in fact make a statement, the trial judge noted on the motion in limine that he had reconsidered the prayer and overruled the motion.
Under the United States Constitution and the Constitution of the State of Alabama, an accused is guaranteed the right to remain silent. 5th Amendment, United States Constitution; Art. 1, § 6, Alabama Constitution (1901). A necessary component of the right to remain silent is that the accused's silence cannot be used against him.
 "[W]hen a person under arrest is informed, as Miranda requires, that he may remain silent, that anything he says may be used against him, and that he may have an attorney if he wishes, it seems to me that it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony. . . . Surely Hale [the defendant] was not informed here that his silence, as well as his words, could be used against him at trial. Indeed, anyone would reasonably conclude from Miranda warnings that this would not be the case."
United States v. Hale, 422 U.S. 171, 182-83, 95 S.Ct. 2133,2139, 45 L.Ed.2d 99 (1975) (White, J., concurring).
In the case at bar, the defendant made a statement against his interest immediately after he was read his constitutional rights. The defendant was then transported to the police station, where Officer Spivey again read the Miranda warning and offered a written waiver for his signature. The defendant refused to sign the waiver. At *Page 818 
trial, the state specifically asked about this refusal: "Did he give you any explanation as to why, or. . . ." The officer answered:
 "Yes, sir. He stated that he understood his rights, and before he gave any statement, he wished for his lawyer to be present, and he did not want to sign anything."
In light of the defendant's confession, made prior to the assertion of his right to remain silent, there is no explanation for the state's reference to the defendant's refusal to make further comment without counsel, other than as an attempt to discredit the defendant in the eyes of the jury.
Moreover, the trial court was in error when it stated:
 "Well, if he [the defendant] didn't give a statement, ever, I'm going to grant your motion for a mistrial. If he did, I'm going to listen to the circumstances surrounding it." [Emphasis added]
A person may assert his constitutional rights at any time. He may answer questions if he wishes, but he may stop at any time.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694
(1966). It was error for the trial court to conclude in substance that when the defendant waived his right to remain silent by making a statement to the police at the scene of the crime, he could not reclaim the right to remain silent at the police station and keep that assertion from being used against him in court.
We hold that the defendant's constitutional right to remain silent was violated by the state's inquiry at trial about the defendant's assertion of that right. The constitutional violation was aggravated by the trial court's statement about the effect of the defendant's ever making a statement against his interest. Accordingly, the trial court erred in overruling the defendant's motion for mistrial and the Court of Criminal Appeals erred in affirming the conviction. The judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.