BOWEN, Judge,
dissenting.
The majority affirms this cause without opinion. I dissent from that portion of the majority’s order finding that the appellant waived the issue raised on appeal because the appellant failed to cite any authority to support his argument. This is but another application of the principle set out in Johnson v. State, 500 So.2d 494, 498 (Ala.Cr.App.1986), which relies on the ease of Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984), which adopted the rule applied in civil cases that arguments not based on legal authority have the same effect as if no argument had been made, and the argument will be deemed waived. In my opinion, this Court compounds error by relying upon that principle.
In Pardue v. State [Ms. 3 Div. 997, September 29, 1989] (Ala.Cr.App.1989), this Court stated:
*413 “Citing Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984), the attorney general contends that the defendant has waived 13 issues because he has cited no legal authority for those particular issues. If we accept his argument and hold that the defendant has waived the issues for which he has cited no legal authority, under the facts and circumstances of this particular case, we are absolutely compelled to the inescapable conclusion that the defendant has been denied his constitutional right to the effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Annot. 15 A.L.R.4th 582 (1982).”
The failure to file a brief on appeal constitutes a per se denial of the effective assistance of counsel requiring no showing of prejudice. Ex parte Dunn, 514 So.2d 1300, 1304 (Ala.1987). With regard to the effective assistance of counsel, I see no rational distinction to be made between the situation where counsel files no brief and the situation where counsel files a brief but cites no legal authority. In both situations, not only are issues deemed waived, but relief on the substantive issues is precluded in a petition for post-conviction relief. Rule 20.2(a), A.R.Cr.P.Temp. Indeed, application of Vinzant in any situation only encourages and provides fertile ground for a subsequent or successive petition for post-conviction relief.
Vinzant is a useless legal fiction. Obviously, if the issue is stated in the appellant’s brief, that issue has not been “waived.” Furthermore, in actual practice, there is no need to follow Vinzant for in the cases in which it is applied, almost without exception, the issue is without either factual or legal merit and could be disposed of on the merits. If the issue has merit and no authority is cited, then the question of ineffective assistance of counsel arises. Additionally, Vinzant contains the subtle but false and malodorous suggestion that this Court will limit itself only to the legal authority cited in the briefs on appeal.
For all of these reasons, I dissent from the majority’s application of Vinzant.