McMILLAN, Judge.
The appellant was convicted of manslaughter, in violation of § 13A-6-3, Code of Alabama 1975, and was sentenced to 20 years’ imprisonment. He was fined $5,000 and was ordered to pay $10,000 restitution and $1,000 to the Victims’ Compensation Fund.
The appellant contends that the trial court committed reversible error in denying his motion for a mistrial after the prosecutor elicited an improper comment from its witness, Officer John Burris, concerning the appellant’s post-arrest silence. The portion of the record pertinent to this argument is as follows:
“[Prosecutor]: Did you tell Robert West then what he was charged with?
“[Witness]: When I first walked in, I did not say anything to Mr. West. He started talking to me. And I advised him to be quiet until we could read him his rights and let him know what the charges were.
“[Prosecutor]: What happened at that point?
“[Witness]: He asked me if the man was dead.
“[Prosecutor]: What did you tell him?
“[Witness]: I didn’t tell him anything. I told him wait until I finished reading him his rights and he could make his decision if he wanted to say anything then.
“[Prosecutor]: Were you ever successful in reading him his rights?
“[Witness]: Yes. I finally got his rights read to him. He requested an attorney and he did not want to make a statement.”
Immediately thereafter, the appellant’s trial counsel, in a side bar conference, moved for a mistrial and strenuously objected to the officer’s comment concerning the appellant’s failure to make a statement. The trial court denied the appellant’s motion. Trial counsel did not ask for curative instructions and none were given by the court in reference to the comment. The appellant made a second motion on the same grounds at the close of the State’s ease. That motion was also denied. The appellant did not testify at trial.
In Houston v. State, 354 So.2d 825, 827-28 (Ala.Cr.App.1977), cert. denied, 354 So.2d 829 (Ala.1978), this court held:
“The principle forbidding the prosecution to use evidence of defendant’s post-arrest, post-Miranda warning silence for substantive purposes or as evidence of defendant’s guilt is soundly established and based on fundamental principles of our jurisprudence. In Miranda v. Arizona, 384 U.S. 436, 468, n. 37, 86 S.Ct. 1602, 1625, [n. 37] 16 L.Ed.2d 694 (1966), the Supreme Court of the United States announced in dictum that
“ ‘it is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation. The prosecution may not, therefore, use at trial the fact that he stood mute or claimed his privilege in the face of accusation.’
[[Image here]]
“Counsel for the prosecution must scrupulously avoid all reference to or use of an accused’s assertion of his right to remain silent. United States v. Wycoff, 545 F.2d 679, 682 (C.A.Cal.1976).”
See Mixon v. State, 596 So.2d 605 (Ala.Cr.App.1991).
In Ex parte Wiley, 516 So.2d 816 (Ala.1987), the Alabama Supreme Court reversed this court on the admission of the following testimony by a State’s witness:
“[The defendant] stated that he understood his rights, and before he gave any statement, he wished for his lawyer to be *382 present, and he did not want to sign anything.”
Id. at 817. In so holding, the court stated,
“It was error for the trial court to conclude in substance that when the defendant waived his right to remain silent by making a statement to the police at the scene of the crime, he could not reclaim the right to remain silent at the police station and keep that assertion from being used against him in court.”
Id. at 818. (Emphasis added.) See also Timmons v. State, 410 So.2d 454, 455 (Ala.Cr.App.1981) (wherein this court reversed on finding prejudicial the officer’s testimony, “I talked to [the defendant] and advised him of his rights and he refused to make any statement at all to me until he conferred with an attorney”); Sullivan v. State, 351 So.2d 659 (Ala.Cr.App.), cert. denied, 351 So.2d 665 (Ala.1977) (wherein the court held that the detective’s testimony that he had been advised that the defendant would not make any statement was proper); Edwards v. State, 344 So.2d 807 (Ala.Cr.App.), cert. denied, 344 So.2d 812 (Ala.1977) (wherein the court held inadmissible testimony that the defendant, after being given his Miranda warnings, stated that he did not wish to make any statement and refused to sign the rights form). Additionally, the prohibition that the State must avoid all reference to, or use of, an accused’s assertion of his right to remain silent applies to the assertion of the right to counsel. Arthur v. State, 575 So.2d 1165 (Ala.Cr.App.1990), cert. denied, 575 So.2d 1191 (Ala.1991).
It is well settled that a comment on the post-arrest silence of the defendant or his refusal to give a statement may be cured by prompt corrective action by the trial court. Soriano v. State, 527 So.2d 1367, 1371 (Ala.Cr.App.1988); Bradley v. State, 450 So.2d 173 (Ala.Cr.App.1983). In Jackson v. State, 593 So.2d 167, 173 (Ala.Cr.App.1991), this court stated:
‘“Courts have been perplexed in laying down satisfactory rules where illegal evidence, calculated to prejudice the defendant, has been received, and subsequently excluded; but it may be regarded as settled, in this state, that the admission of illegal evidence, which is subsequently excluded, and the jury instructed to disregard such evidence, cures the error and vitiates the exception reserved to its admission.’ Smith v. State, 107 Ala. 139,144, 18 So. 306, 308 (1895). The instructions to the jury to disregard such evidence should be ‘direct, specific, and unequivocal.’ Pelham v. State, 23 Ala.App. 359, 361, 125 So. 688, 690 (1930). ‘Where evidence has been erroneously admitted, a clear instruction to the jury that it is not to be considered will ordinarily be allowed to have the effect of curing the error, though this Court has always regarded the practice with cautious disapproval.’ Maryland Casualty Co. v. McCollum, 200 Ala. 154, 156, 75 So. 902, 904 (1917).”
Here, because the trial judge failed to give a curative instruction on the officer’s comment on the appellant’s post-arrest silence, the admission of the testimony constituted error. See Ex parte Marek, 556 So.2d 375, 379 (Ala.1989). Thus, the trial judge abused his discretion in denying the motion for a mistrial. The judgment is, therefore, reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.