On Rehearing Ex Mero Motu
The original opinion of December 22, 2000, is withdrawn and the following opinion is substituted therefor.
The appellant, Lovella S. Neville, appeals from her conviction for the unlawful distribution of a controlled substance, i.e., cocaine, a violation of § 13A-12-211, Ala. Code 1975. She was sentenced as a habitual felony offender to life imprisonment and was ordered to pay a fine of $1,000.
 I.
The appellant argues that she was denied due process when the trial court ordered her case consolidated with the distribution case of her husband, Gary Neville, without giving her an opportunity to object to the consolidation. Additionally, she argues that her case was improperly joined with her husband's case of promoting prostitution. She argues that, because the evidence in that latter case (i.e., promoting prostitution) implied that she was a prostitute and therefore was evidence of prior bad acts on her part, it was highly prejudicial and should not have been admitted into evidence.
Although the record in this case does not contain a motion to consolidate, the case action summary sheet indicates that a pretrial hearing was set for April 15, 1999. The hearing was continued until May 14, 1999, at which time the appellant's case was "consolidated for trial purposes with CC-99-1562 [the distribution case of her husband and codefendant, Gary Neville] over defense counsel's objection." (Emphasis added.)
Rule 13.3(c), Ala.R.Crim.P., states:
 "(c) Consolidation. If . . . defendants are charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of any party, may order . . . that the defendants be joined for the purposes of trial if . . . the defendants could . . . have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment, information, or complaint. However, the court shall not order that . . . the defendants be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard."
Maul v. State, 598 So.2d 18, 21 (Ala.Crim.App. 1992).
This Court has held that the "opportunity to be heard" includes notice and the opportunity to object, but does not necessarily require an adversarial hearing or oral argument. Sharpe v. State, 560 So.2d 1107
(Ala.Crim.App. 1989). Interpreting Rule 15.4(b), Ala.R.Crim.P, this Court stated in Sharpe:
 "Notice and an opportunity to be heard are the `hallmarks of due process,' Anonymous v. Anonymous, 353 So.2d 515, 519 (Ala. 1977). See also Humane Society of Marshall County v. Adams, 439 So.2d 150, 152 (Ala. 1983) (`The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner'). However, `"[d]ue process does not always require an adversarial hearing." Hickey v. Morris, 722 F.2d 543, 549 (9th Cir. 1983).' Williams v. Wallis, 734 F.2d 1434, 1439
(11th. Cir. 1984)."
560 So.2d at 1111.
Here, we find no due process violation because the appellant did receive notice of, and filed an objection to, the trial court's consolidation. Additionally, we note that the record indicates that the appellant failed to file a motion to sever the cases. "Rule 13.4(b), Ala.R.Crim.P., requires that a motion to sever made after a motion to consolidate has been granted must be filed *Page 671 
within seven days after the court's order of consolidation. The Rule further states that the right to move for a severance is waived if a motion is not timely made." Gagliardi v. State, 695 So.2d 206, 208
(Ala.Crim.App. 1996).
Moreover, the appellant has failed to show that the consolidation caused "compelling prejudice" against which the trial court was unable to afford protection. In Weaver v. State, 710 So.2d 480, 482 (Ala.Crim.App. 1997), this Court stated:
 "The test for determining whether a trial court erred in consolidating criminal defendants for trial is whether the defenses presented by one defendant were so `antagonistic that [the defenses] are "irreconcilable and mutually exclusive" and "the jury, in order to believe one defendant, must necessarily disbelieve the other defendant's defenses."' Hill v. State, 481 So.2d 419, 424
(Ala.Crim.App. 1985)."
Lastly, the appellant's argument that she was prejudiced by the introduction of evidence in a case against her husband, which she says tended to show that she was a prostitute and which, she says, constituted inadmissible evidence of prior bad acts, was not timely presented to the trial court; therefore, it was not preserved for appellate review. Smithv. State, 756 So.2d 892 (Ala.Crim.App. 1997); McCord v State, 501 So.2d 520
(Ala.Crim.App. 1986).
 II.
The appellant argues that the trial court erred in denying her motion for a judgment of acquittal, based on the prejudicial effect of the consolidation of the cases. The record indicates, however, that during trial, the appellant stated as grounds for her motion that the State had failed to prove a prima facie case of distribution and had failed to prove a proper chain of custody as to certain evidence admitted at trial. Because the grounds argued on appeal were not presented to the trial court, they are procedurally precluded from appellate review. See Perkinsv. State, 715 So.2d 888 (Ala.Crim.App. 1997) (a defendant is bound by the grounds of objection stated at trial and may not expand those grounds on appeal).
 III.
The appellant argues that the trial court erred in denying her motion for a new trial based on numerous grounds, including improper consolidation, due process violations, and an improper verdict that was the result of bias and prejudice.
An examination of the record reveals that all of the arguments contained in the motion, and in the amended motion, with the exception of a sufficiency argument, were not preserved for appellate review. SeePerkins v. State, supra. The appellant, however, does not present a sufficiency argument on appeal. The appellant failed to supply, in her brief to this Court, any legal authorities, statutes, or parts of the record upon which she relies to advance a sufficiency argument; therefore, appellate review as to this issue is declined. Rule 28(a)(5), Ala.R.App.P.
ON REHEARING EX MERO MOTU: OPINION OF DECEMBER 22, 2000, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
Cobb, Baschab, Shaw, and Wise, JJ., concur. *Page 672