SHAW, Judge,
concurring specially.
I concur in the main opinion, which correctly cites and applies existing caselaw from both this Court and the Alabama Supreme Court interpreting Rule 28, Ala. RApp.P. I write specially to note that as recently as four months ago, in Beckworth v. State, [Ms. CR-02-1077, August 26, 2005] - So.2d -(Ala.Crim.App.2005), cited in the main opinion, this Court unanimously held that an argument challenging the sufficiency of the evidence that does not include citation to any legal authority fails to comply with Rule 28. In that case, Beckworth made the same argument that L.J.K. makes here — that without certain testimony, the remaining evidence was le- *870 gaily insufficient to support a conviction. This Court stated:
“Beckworth argues that the trial court erred when it denied his motion for a directed verdict because, he argues, ‘[wjithout the wrongfully admitted statements by Beckworth, there was not legal evidence sufficient to convict Beck-worth.’ (Beckworth’s brief at p. 116.) His entire argument on this claim consists of two sentences and contains no citation to legal authority. Although Beckworth has failed to comply with Rule 28(a)(10), Ala. R.App. P., we will review the claim. At the close of the State’s case at trial, Beckworth moved for a directed verdict and argued that there was insufficient evidence to convict him. He did not argue the grounds now raised, so we review this claim for plain error.”
— So.2d at -.
This Court reviewed the sufficiency issue in Beckworth for plain error because the death penalty had been imposed in that case. See Burgess v. State, 723 So.2d 742 (Ala.Crim.App.1997), in which this Court noted that because the death penalty was involved the issues that would have otherwise been waived for noncompliance with Rule 28 were reviewed for plain error; see also Hallford v. State, 629 So.2d 6 (Ala.Crim.App.1992) (17 issues found to be noncompliant with Rule 28 nonetheless reviewed because the death sentence was involved). Based on this Court’s precedent, had Beckworth not involved a death sentence, either we would have held the issue to be waived and declined further review, as we did in Neville v. State, 832 So.2d 669 (Ala.Crim.App.2001),[9] or we would have held the issue to be waived but nonetheless made an alternative finding on the merits of the issue, as we did in the present case and as we have done in other cases. See, e.g., Hodges v. State, 926 So.2d 1060 (Ala.Crim.App.2005) (no citation to the record and insufficient citation to legal authority); Cooper v. State, 912 So.2d 1150 (Ala.Crim.App.2005) (no citation to legal authority); Hart v. State, 852 So.2d 839 (Ala.Crim.App.2002) (no citation to the record); Gay v. State, 562 So.2d 283 (Ala.Crim.App.1990) (no citation to legal authority); and O’Neal v. State, 494 So.2d 801 (Ala.Crim.App.1986) (no citation to legal authority).
The main opinion in this case breaks no new ground; it presents no first-impres *871 sion issues. The law, especially the law concerning the scope and application of Rule 28, is found in the numerous cases cited in the main opinion. This Court’s current interpretation of Rule 28, which involves the recognition and application of a waiver for noncompliance with the requirements of the rule, can be traced back at least to Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App.1984). Although this Court refused to follow Vinzant in a series of cases in the early and mid-1990s, see Arnold v. State, 601 So.2d 145 (Ala.Crim.App.1992); Page v. State, 622 So.2d 441 (Ala.Crim.App.1993); May v. State, 672 So.2d 1307 (Ala.Crim.App.1993); Sturdivant v. State, 643 So.2d 1013 (Ala.Crim.App.1993); and Edwards v. State, 668 So.2d 167 (Ala.Crim.App.1995), that line of cases has been ignored in recent years and has apparently been implicitly overruled by the numerous decisions that have followed, many of which are noted above.
Unless and until this Court changes its interpretation of Rule 28 and expressly overrules the current cases applying the waiver doctrine, I believe that I am bound to follow that precedent in order to maintain consistency in the application of the rule. I urge counsel practicing before this Court to be fully aware not only of all the requirements of Rule 28, but also of the potential under our caselaw for waiver of issues not properly argued under Rule 28(a)(10).

. In Neville, this Court stated:
"An examination of the record reveals that all of the arguments contained in the motion, and in the amended motion, with the exception of a sufficiency argument, were not preserved for appellate review. See Perkins v. State[, 715 So.2d 888 (Ala.Crim.App.1997)]. The appellant, however, does not present a sufficiency argument on appeal. The appellant failed to supply, in her brief to this Court, any legal authorities, statutes, or parts of the record upon which she relies to advance a sufficiency argument; therefore, appellate review as to this issue is declined. Rule 28(a)(5) [now Rule 28(a)(10)], Ala.R.App.P.”
832 So.2d at 671. See also Hodges v. State, 926 So.2d 1060 (Ala.Crim.App.2005) (final two issues deemed waived because argument was not compliant with Rule 28(a)(10)); Harrison v. State, 905 So.2d 858 (Ala.Crim.App.2005) (issue deemed waived because argument was not compliant with Rule 28(a)(10)); Jones v. State, 895 So.2d 376 (Ala.Crim.App.2004) (same); Hamm v. State, 913 So.2d 460 (Ala.Crim.App.2002) ("scattergun” approach to appellate argument criticized and ineffective-assistance-of-counsel issues deemed waived because argument was not compliant with Rule 28(a)(10)); Williams v. State, 565 So.2d 282 (Ala.Crim.App.1990) (issues deemed waived because of failure to cite legal authority); Chislom v. State, 565 So.2d 1189 (Ala.Crim.App.1990) (issue deemed waived because of failure to cite legal authority); Clemons v. State, [Ms. CR-01-1355, June 24, 2005] - So.2d -, - (Ala.Crim.App.2003) (opinion on return to remand) (issues deemed waived because no argument was presented).