Carl Lee Mitchell was indicted by the Montgomery County grand jury on charges of kidnapping, rape, and sodomy, pursuant to §13A-6-43, § 13A-6-61, and § 13A-6-63, Code of Alabama 1975.
This appellant's trial was consolidated with that of co-defendant Huley Marshall.
The trial jury found Carl Mitchell "not guilty" of kidnapping or rape, but did find him "guilty" of the sodomy charge by way of aiding and abetting, in violation of § 13A-6-63, Code of Alabama 1975. This appellant was sentenced to fifteen years' imprisonment in a state penitentiary.
 I
This appellant contends that his right to a speedy trial as guaranteed him by the Sixth and Fourteenth Amendment to the United States Constitution was violated because of a nine-month period of time which occurred between his arrest and trial.
There is no fixed length of time which is considered per se unreasonable for bringing a defendant to trial. Bufford v.State, 382 So.2d 1162 (Ala.Cr.App. 1980), writ denied,382 So.2d 1175 (Ala. 1980).
In reviewing an appellant's claim that he was denied a speedy trial, the following four factors are to be considered: (1) the length of the delay, (2) the reason of the delay, (3) the assertion by the appellant of his right, and (4) the prejudice resulting to the appellant. Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In order to trigger an inquiry into the latter three factors, the length of delay itself must be presumptively prejudicial." Cofer v. State,440 So.2d 1116 (Ala.Cr.App. 1983).
This court has carefully reviewed the case history in this matter and finds that nine months and ten days is not "presumptively prejudicial." Moreover, this appellant's trial was delayed by entertaining and considering motions from the appellant. (R. 411, 412) It should be further noted that this appellant did not assert this issue until the date of his trial. Cofer v. State, supra; Bailey v. State, 375 So.2d 519
(Ala.Cr.App. 1979). "The United States Supreme Court has emphasized that the `failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.'" Barker v. Wingo, supra.
No inquiry into the three remaining Barker factors is mandated. Watson v. State, 389 So.2d 961 (Ala.Cr.App. 1980);Cofer v. State, supra. *Page 910 
 II
This appellant asserts that he was denied a fair trial due to the consolidation of his case with that of Huley Marshall. This appellant argues that he was never accused of sodomy by the victim as was Marshall and, that if their trials had been severed, he would not have been prejudiced by the testimony which convicted co-defendant Marshall.
This court requires that "the defendant demonstrate that the trial court abused its discretion by showing that the failure to sever resulted in compelling prejudice. . . ." Holsemback v.State, 443 So.2d 1371, 1377 (Ala.Cr.App. 1983). The test of whether severance should be granted on the basis of prejudice to the defendant is "whether under all the circumstances as a practical matter it is within the capacity of the jurors to follow the court's instructions and to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts." Holsemback v. State, supra.
This court has reviewed the record and finds that the trial court's instructions made it very clear that the jurors would be entering six separate verdicts because they had six separate cases and that they must consider each case separately as they did review the evidence and enter a verdict.
In this case, severance was properly denied. Moreover, the balancing of this prejudice against the interest of judicial economy is in the "sound discretion of the trial judge, and an appellate court will not substitute its own judgment for that of the lower court absent an affirmative showing that the lower court has abused its discretion." Holsemback v. State, supra;White v. State, 479 So.2d 1368 (Ala.Cr.App. 1985).
 III
This appellant contends that the evidence presented at trial was not sufficient to sustain his conviction of guilty of sodomy in the first degree.
 "The standard for appellate review of the sufficiency of the evidence in a case such as this one was aptly set out in Dolvin v. State, 391 So.2d 133 (Ala. 1980).
 "`"In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir. 1974); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); Clark v. United States, 293 F.2d 445 (5th Cir. 1961).
 "`"[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir. 1967):
 "`"`Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. . . . The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged. McGlamory, 441 F.2d at 135 and 136.'"' (Emphasis in original.)
 "391 So.2d at 137-38, quoting Cumbo v. State, 368 So.2d 871, 874 (Ala.Cr.App. *Page 911 
1978), cert. denied, Ex parte Cumbo, 368 So.2d 877
(Ala. 1979)."
Robinette v. State, 531 So.2d 697 (Ala. 1988).
The evidence presented at trial in this matter indicates that on the morning of August 17, 1986, at approximately 5:15 a.m., the victim left her home and was walking to a nearby post office to call a taxi to take her to work. As she was getting ready to cross the street this appellant and another man, Huley Marshall, approached her in their automobile. They opened the door and grabbed her — pulling her into the front seat of the vehicle.
The appellant and Marshall took the victim to an open field area and stopped the car. The victim tried to escape several times but was not successful. The victim then pleaded with both the appellant and Marshall. The victim tried to struggle as the two men tried to rip off her clothes. At this time, the appellant had intercourse with the victim against her consent. Marshall then had intercourse with the victim against her will. She then tried to flee, but Marshall struck her in the face, bursting her lip. Marshall then sodomized the victim and fled. The victim then ran across the field to a man that she saw delivering newspapers. She asked the man for a piece of paper and a pen to write something down. The victim was able to identify the type and make of car and wrote down the tag number of the vehicle immediately after the incident.
When she arrived at the police station, she identified the vehicle and identified photographs of this appellant and Marshall as the two men who raped her. This appellant and Marshall had been apprehended shortly after a description of their vehicle was transmitted on the police radios.
The victim was taken to St. Margaret's Hospital where a rape kit examination was administered. The examination showed tears to both the vaginal and anal areas, and various cuts on the victim's hands and a swollen lip. Vaginal and anal swabbings from the rape kit did reveal the presence of semen, but tests were unable to conclude whether it was from two different individuals or one man. The victim's clothes were also gathered at this time. The victim's stockings were shredded and her panties were torn. The victim's skirt and blouse were also covered in grass stains.
In this cause the defendant testified in his own behalf giving a much different account of the above. He states that the victim had sex with them for money, and denied her being sodomized.
All of the above facts were properly presented to the trial jury which resolved these matters against this appellant.
This court has carefully reviewed the record and finds there is sufficient evidence to justify this conviction.
 IV
The appellant alleges that he was denied a fair trial on the basis of alleged faulty jury verdict forms.
The appellant alleges that since the jury verdict forms were marked and then changed, the jury wanted to convict the appellant of a lesser included offense. The appellant alleges that the jury asked for special instructions on aiding and abetting, asking whether the aider and abettor could be found guilty for a lesser offense if the principal was found guilty of that offense. The appellant alleges that since the jury verdict forms were marked and remarked, the jury was confused and convicted this appellant of sodomy in their frustration.
A review of the record reveals that this issue was not preserved for appeal. Bell v. State, 466 So.2d 167 (Ala.Cr.App. 1985); McMullin v. State, 442 So.2d 155 (Ala.Cr.App. 1983), and cases cited therein. Moreover, this court has reviewed the issue and finds that the appellant's claim is speculative and not supported in the record. Furthermore, this issue has no merit. § 12-16-13, Code of Alabama 1975.
For reasons herein cited, this cause is due to be and it is, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 1367