The appellant, Kathryn Clarke Jones, was convicted of manslaughter, a violation of § 13A-6-3, Code of Alabama 1975. She was sentenced to 20 years' imprisonment.
The state's evidence tended to show that, on February 14, 1990, the appellant was driving west on Interstate Highway 10 just east of the Dauphin Island Parkway in Mobile. Her vehicle struck the automobile of Alvin Hope from behind, killing him. When hit, the victim's automobile was parked in the emergency lane between the concrete dividing wall and the far left lane of traffic. The victim, who had been standing in front of the automobile, was fatally injured when his automobile lurched forward. Witnesses testified that the appellant had been driving erratically, that she had the scent of alcohol on her breath after the collision, and that there was an empty liquor bottle in her car. She was taken to a hospital where a blood test indicated the alcohol content of her blood was .294%.
The appellant contends that instances of prosecutorial misconduct during the state's closing argument prejudiced her and constituted reversible error.
Substantial prejudice must be shown to merit reversal.Twilley v. State, 472 So.2d 1130 (Ala.Cr.App. 1985). "[S]tatements of counsel in argument to the jury must be viewed as having been made in the heat of debate, and such statements are usually valued by the jury at their true worth." Harris v.State, 539 So.2d 1117 (Ala.Cr.App. 1988); Williams v. State,601 So.2d 1062 (Ala.Cr.App. 1991).
First, the appellant argues that the prosecutor was guilty of misconduct when he stated during his closing argument that opposing counsel "objects to the air I breathe" (R. 201). She also contends that she was further prejudiced when the prosecutor *Page 425 
criticized an objection that the appellant's counsel had made during trial (R. 200). Even though comments meant to demean the appellant's counsel are condemned by this court, Scroggins v.State, 341 So.2d 967 (Ala.Cr.App. 1976), cert. denied,341 So.2d 972 (Ala. 1977), and have no place in the trial of any case, Thomas v. State, 393 So.2d 504 (Ala.Cr.App. 1981), these comments are usually not as damaging as comments demeaning the accused. Whitlow v. State, 509 So.2d 252 (Ala.Cr.App. 1987). A prosecutor's comments directed solely at appellant's counsel are not so likely to be prejudicial to the point of reversal.Whitlow, supra; Thomas, supra. Within the context of this case, we hold that the foregoing comments did not constitute reversible error.
The appellant also contends that the prosecutor violated the rule against stating his personal opinions and referring to matters that were not in evidence. He stated during his closing argument that the district attorney's office "went a long way to protect the rights" of the appellant (R. 196) and that on three separate occasions the appellant "chose to get drunk" (R.200, 202). While counsel is prohibited from stating personal opinions during closing arguments, King v. State, 518 So.2d 191
(Ala.Cr.App. 1987), counsel is "allowed wide latitude in drawing reasonable inferences from the evidence in closing arguments." Cross v. State, 536 So.2d 155, 160 (Ala.Cr.App. 1988); Donahoo v. State, 505 So.2d 1067 (Ala.Cr.App. 1986). See also Williams, supra. There was no evidence that the appellant was compelled by anyone to consume alcohol. The point made by the state was a valid one. Further, the appellant was in no way prejudiced by the prosecutor's commenting that the state had gone a long way to protect her rights. The appellant has not demonstrated prejudice or impropriety.
Last, the appellant contends that the state was trying to convince the jury that she would commit the same crime in the future when he stated to the jury that, with a conviction, they would be taking "at least one more drunk off the street" (R. 199). When the appellant objected to the prosecutor's comment at trial, the circuit court sustained the objection. There is therefore no adverse ruling from which the appellant could attempt to predicate error. Yates v. State, 390 So.2d 32
(Ala.Cr.App. 1980). Such an adverse ruling is a prerequisite for appellate review. Watkins v. State, 565 So.2d 1227
(Ala.Cr.App. 1990). This argument would also be denied on the merits because such a statement by the prosecution has been interpreted as an appeal for law enforcement rather than an accusation that the appellant would commit the same crime in the future. See Soriano v. State, 527 So.2d 1367 (Ala.Cr.App. 1988); Whitlow, supra.
The judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.