The appellant, Mary Francis Franklin, was convicted of the offense of trafficking in cocaine, a violation of §13A-12-231(2), Code of Alabama 1975. She was sentenced to 15 years' imprisonment and was fined $50,000.
The evidence presented by the state at trial tended to show that on January 26, 1992, Dothan police had the appellant's residence under surveillance. The officers saw several young men leave the house from a side door. One of them was carrying a package. They passed the package around among themselves and then hid it in a pile of rocks behind the house. The appellant stepped out of the house and told the men, "Hurry up, the police is up the road." The men then went back into the house.
The police obtained a warrant to search the premises. They discovered 52.166 grams of cocaine hidden in the pile of rocks behind the house. They also found a razor blade covered with cocaine residue on the mantle inside the house.
 I
On appeal, the appellant argues that the circuit court erred in denying her motion for a judgment of acquittal. The appellant contends that the state failed to present a prima facie case of trafficking in cocaine, as that offense is defined in § 13A-12-231(2), Code of Alabama 1975. This Code section provides that a person is guilty of trafficking in cocaine if he "is knowingly in actual or constructive possession of 28 grams or more of cocaine or of any mixture containing cocaine." Specifically, the appellant contends that the state failed to prove that she was in possession of the cocaine discovered in the pile of rocks behind her house.
When reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the state.Marks v. State, 581 So.2d 1182, 1186 (Ala.Cr.App. 1990). The state did not present any evidence that the appellant was in actual possession of the cocaine; however, the state did present evidence that the appellant was in constructive possession of the cocaine. "To establish constructive possession, the state must show that the accused had dominion and control of the illegal substance itself or of the premises on which the substance was found." Hamilton v. State,496 So.2d 100, 103 (Ala.Cr.App. 1986).
 " '[W]hile mere proximity to illegal drugs, mere presence on the property where [illegal drugs] are located, or mere association, without more, with persons who do control [illegal drugs] is insufficient to support a finding of possession, . . . such proximity, presence, or association is sufficient when accompanied . . . with testimony connecting the defendant with the incriminating surrounding circumstances.'
 "United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir. 1976). '[T]he kinds of circumstances which may provide a connection between a defendant and [illegal drugs] are unlimited and will naturally depend on the facts of each particular case.' Temple v. State, 366 So.2d 740, 743 (Ala.Cr.App. 1978). Similarly, a defendant's knowledge of the presence of illegal drugs can be proved by circumstantial evidence, Self v. State, 564 So.2d 1023, 1027 (Ala.Cr.App. 1989), cert. quashed, 564 So.2d 1035 (Ala. 1990), which may include 'evidence of acts, or conduct of the accused, from which it may be fairly inferred that he knew of the existence of the contraband at the place where it was found,' Donahoo v. State, 505 So.2d [1067, 1070 (Ala.Cr.App. 1986)]."
Pettway v. State, 607 So.2d 325, 328 (Ala.Cr.App. 1992).
The state presented sufficient evidence for the jury to conclude that the appellant was in constructive possession of the cocaine. There was evidence that officers saw the *Page 761 
cocaine being taken out of the appellant's house and hidden in her backyard. There was also evidence that she told the men hiding the cocaine to hurry because the police were nearby. Furthermore, a razor blade covered with cocaine residue was discovered inside the appellant's house. From this evidence, the jury could have inferred that the appellant knew of the presence of cocaine in her house and that she was seeking to hide the cocaine from the police.
The circuit court did not err in denying the appellant's motion for a judgment of acquittal.
 II
The appellant also argues that the court erred in granting the state's motion to consolidate the appellant's case with those of the three co-defendants. To show that a court erred in granting a motion to consolidate, a defendant must establish "that [she] was unable to obtain a fair trial without a severance and that [she] suffered compelling prejudice that the trial court could not prevent." Maul v. State, 598 So.2d 18, 21
(Ala.Cr.App. 1992).
 "The test of whether severance should be granted on the basis of prejudice to the defendant is 'whether under all the circumstances as a practical matter it is within the capacity of the jurors to follow the court's instructions and to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts.' Holsemback v. State, [443 So.2d 1371, 1377 (Ala.Cr.App. 1983)]."
Mitchell v. State, 530 So.2d 908, 910 (Ala.Cr.App. 1988).
The appellant contends that she was prejudiced because the state presented evidence that her co-defendants were in actual possession of the cocaine but presented evidence that she was in constructive possession of the cocaine. She argues that since actual possession and constructive possession contain different elements of proof, she was prejudiced by evidence presented tending to show that her co-defendants were in actual possession of the cocaine.
The court instructed the jury on the elements of both actual and constructive possession. The court also instructed the jury that it should consider the evidence against each defendant independently. The evidence here was not so complicated as to inhibit the jury's ability to independently appraise the evidence in relation to each defendant. Mitchell.
The court did not err in granting the state's motion for consolidation.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.