The appellant, Andrew Lewis Wilson,[1] was convicted of attempted murder. See § 13A-6-2 and § 13A-4-2, Code of Alabama 1975. He was sentenced to 99 years in prison.
The state's evidence tended to show that on July 20, 1992, Jeffrey Lamar Jones was shot twice in front of the house of his cousin, Elizabeth Watts, in Opelika, Alabama. He sustained injuries to his liver, stomach, spleen, pancreas, and colon. He underwent emergency surgery for the injuries and was released from the hospital six weeks after the shooting.
Jeffrey Jones testified that on the night he was shot he was sitting on a car in front of Watts's house when another car drove up and stopped. Three people got out of the car — appellant Wilson, Scottie Rowell, and Charlie Davis. Rowell and Wilson approached Jones, and Rowell stared at him. Jones said that he asked, "Why you starin' at me?" Rowell said, "What's up [with you]. You got to give up that money." Jones said that Rowell then pulled a pistol and pointed it at him. At this time appellant Wilson was standing beside Jones. Jones testified that he told them that he did not have any money and he walked away. Jones testified that Wilson then yelled, "Shoot him! Shoot him!" Shots were fired, and Jones fell to the ground, sustaining the wounds described above.
Several people witnessed the shooting but could not positively identify the people involved. Rowell testified in his behalf and said that Wilson was not involved in the shooting.
 I
The appellant initially contends that the court erred in not severing his trial from that of his codefendant, Scottie Rowell. Specifically, the appellant contends that he was prejudiced by being jointly tried with his codefendant when the evidence showed that Rowell was the sole perpetrator of the crime.
Rule 13.4(a), A.R.Crim.P. states:
 "(a) Relief from Prejudicial Joinder. If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment, information, *Page 780 
or complaint or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance, the court may order the district attorney to deliver to the court for inspection, in camera, any statements or confessions made by the defendants that the state intends to introduce in evidence at the trial. However, without a finding of prejudice, the court may, with the agreement of all the parties, order a severance of defendants or an election of separate trials of counts or charges."
As this court stated in Franklin v. State, 629 So.2d 759, 761
(Ala.Cr.App. 1993):
 "To show that a court erred in granting a motion to consolidate, a defendant must establish 'that he was unable to obtain a fair trial without a severance and that he suffered compelling prejudice that the trial court could not prevent.' Maul v. State, 598 So.2d 18, 21 (Ala.Cr.App. 1992).
 " 'The test of whether severance should be granted on the basis of prejudice to the defendant is "whether under all the circumstances as a practical matter it is within the capacity of the jurors to follow the court's instructions and to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts." [Holsemback v. State, 443 So.2d 1371, 1377
(Ala.Cr.App. 1983)].'
 "Mitchell v. State, 530 So.2d 908, 910
(Ala.Cr.App. 1988)."
The appellant has failed to show any "compelling prejudice" resulting from the joint trial. The appellant's codefendant testified that the appellant had nothing to do with the shooting. Furthermore, the court instructed the jury that it should consider the evidence against each defendant independently. The court did not abuse its discretion in not severing the appellant's case from that of his codefendant's.
 II
The appellant next contends that the trial court erred in denying his motion based on the United States Supreme Court's holding in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986). The Batson court held that black jury venire-members could not be struck from a black defendant's jury because of their race. In Powers v. Ohio, 499 U.S. 400,111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Court extended its decision in Batson to white defendants. Batson was further extended to apply to civil cases in Edmonson v. LeesvilleConcrete Co., 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660
(1991). The United States Supreme Court in Georgia v. McCollum,505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that the protections of Batson extend to defense counsel in criminal cases. Recently, the Alabama Supreme Court held that Batson
applies to the striking of white prospective jurors. WhiteConsolidated Industries, Inc. v. American Liberty InsuranceCo., 617 So.2d 657 (Ala. 1993). And, Batson was recently extended by the United States Supreme Court to include strikes based on gender. J.E.B. v. Alabama, ___ U.S. ___,114 S.Ct. 1419, 128 L.Ed.2d 89 (1994).
Without ruling on whether the appellant had established a prima facie case, the court asked the prosecution to explain its strikes. Therefore, this court will proceed directly to evaluate the reasons given by the prosecution. Hart v. State,612 So.2d 520 (Ala.Cr.App.), aff'd, 612 So.2d 536 (Ala. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2450, 124 L.Ed.2d 666
(1993).
The prosecutor stated that he used his first 11 strikes against people in the same age group as the defendant, i.e., those people 20-30 years of age. He said that he struck one prospective black juror because she appeared to be confused about the proceedings.
As this court stated in Roberts v. State, 627 So.2d 1114
(Ala.Cr.App. 1993):
 "While striking a potential juror because of his age is 'highly suspect,' Ex parte Bird, [594 So.2d 676 (Ala. 1991)], that reason for a strike is race-neutral as long as there is no disparate treatment between white and black jurors. Christianson v. State, 601 So.2d 512, 515
(Ala.Cr.App. 1992) ('comparable treatment tends to rebut the *Page 781 
existence of discriminatory intent') Wright v. State, 601 So.2d 1095 (Ala.Cr.App. 1991) (prosecution struck all potential jurors who were under 40 years of age, without regard to their race)."
The record reflects that the prosecution struck all veniremembers in that age category, regardless of race. Thus, no Batson violation occurred. Furthermore, the prosecutor's strike of the juror who appeared to be confused is supported by the record. The court commented on the juror's confusion when the prosecution explained its reason for striking this prospective juror. No Batson violation occurred; the court correctly denied the Batson motion.
 III
The appellant next contends that misconduct on the part of the prosecutor prejudiced him. Initially, the appellant contends that the prosecutor erred by questioning a witness regarding facts not in evidence.
The record reflects that the prosecution asked the appellant's codefendant, Rowell, the following question: "All right. You heard Mr. Roundtree [the appellant's attorney] in his opening statement stand up and say that what Andrew Lewis said was not 'Shoot him,' but 'Don't shoot him.' You heard Mr. Roundtree say that —"
However, the record further reflects that the court sustained the objection to this question and that the witness never had an opportunity to answer the question. Thus, there is no adverse ruling from which to appeal. Jones v. State,600 So.2d 424 (Ala.Cr.App. 1992).
The appellant further contends that the prosecutor, in closing argument, interjected his personal beliefs and thereby prejudiced the appellant's case in the following comment:
 "— we don't know what went on down there, but I think from the testimony and what you heard today it probably went something like this —"
The prosecutor was merely summing up the evidence presented and drawing his own conclusions from that evidence. This was a permissible argument.
 "While it is never proper for the prosecutor to express his personal opinion as to the guilt of the accused during closing argument, reversible error does not occur when the argument complained of constitutes mere expression of opinion concerning inferences, deductions and conclusions drawn from the evidence. See Woods v. State, 19 Ala. App. 299, 97 So. 179 (1923); Mitchell v. State, 50 Ala. App. 121, 277 So.2d 395, cert. denied, 291 Ala. 794, 277 So.2d 404 (1973); Mainor v. State, 339 So.2d 147 (Ala.Crim.App. 1976)."
Sams v. State, 506 So.2d 1027, 1029 (Ala.Cr.App. 1986).
 IV
The appellant next asserts that the jury's verdict was contrary to the great weight of the evidence.
 "The 'weight of the evidence' refers to ' "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other." ' Johnson v. State, 555 So.2d 818, 820
(Ala.Cr.App. 1989) (quoting Tibbs v. Florida, 457 U.S. 31, 37-38, 102 S.Ct. 2211, 2216, 72 L.Ed.2d 652 (1982)). See also McMillian v. State, 594 So.2d 1253 (Ala.Cr.App. 1991). '[I]t is not the province of this court to reweigh the evidence presented at trial.' Watkins v. State, 565 So.2d 1227, 1231
(Ala.Cr.App. 1990); Johnson, 555 So.2d at 820."
Curry v. State, 601 So.2d 157, 159 (Ala.Cr.App. 1992).
There was sufficient evidence to present the case to the jury. Weighing the evidence is strictly within the province of the finder of fact.
 V
Last, the appellant contends that he was incorrectly sentenced as a habitual felony offender. Specifically, he contends that the court wrongly considered two prior convictions for theft of property in the second degree, which is no longer a felony under § 13A-8-5, Code of Alabama 1975 (amended 1992). *Page 782 
The record reflects that the appellant had two prior felony convictions for shoplifting items valued less than $100. He pleaded guilty in 1987 and 1988 and was sentenced to five years and six years in prison, respectively for those convictions. If he had been charged with these same offenses today he would be convicted of and sentenced for a Class A misdemeanor. §13A-8-5.
Rule 26.6(b)(3)(iv), A.R.Crim.P., states:
 "Any conviction in any jurisdiction, including Alabama, shall be considered and determined to be a felony conviction if the conduct made the basis of that conviction constitutes a felony under Act 607, § 130(4), Acts of Alabama 1977, p. 812 (§ 13A-1-2(4), Alabama Criminal Code), or would have constituted a felony under that section had the conduct taken place in Alabama on or after January 1, 1980; and further, a conviction of a crime against the United States shall be considered to be a felony conviction if that crime is punishable by imprisonment in excess of one (1) year under federal law, and was so punishable at the time of its commission, even if the conduct made the basis of that conviction would not be punishable under Alabama law."
At the time of the appellant's two prior convictions (before 1987) the conduct that formed the basis of the convictions constituted a felony. These prior convictions were correctly used for purposes of enhancement under the Habitual Felony Offender Act. Rule 26.6(b)(3)(iv), A.R.Crim.P. The appellant was correctly sentenced.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Appellant Wilson was tried with his co-defendant, Scottie Rowell.